BOWERS *against* GORHAM :

IN ERROR.

A judgment of the county court on a report of auditors, in an action of book-debt, is not appealable.

IN *November*, 1838, *Gorham* brought his action of book-debt against *Bowers*, before the county court; and *W. P. N. Fitzgerald* and *Jared Bassett*, Esqrs., were appointed auditors in the cause. At the term of that court in *March*, 1839, the auditors made their report, finding a balance of six dollars in favour of the plaintiff; the report was accepted, and judgment rendered thereon. From this judgment, the defendant appealed to the superior court. At the term of the superior court in *October*, 1839, the plaintiff filed a written motion, stating the proceedings in the cause, and praying that it be remanded to the county court. To this motion, the defendant demurred. The court adjudged the motion sufficient, and remanded the cause to the county court. To reverse this decision of the superior court, the present writ of error was brought.

*Mix*, for the plaintiff in error, contended, That the cause was appealable. In the first place, the decision of the court below, while it wholly prevents a jury trial, enables a party to have but one trial in book-debt, in a cause involving, it may be, thousands of dollars; and that before not over three men. Policy requires a revision or new trial of matters of fact, to sat-

isfy parties. By the judgment complained of, book-debt is placed in a different condition from any other action ; for in account, a jury must first ascertain the liability to account ; and even from that first judgment, the parties may appeal. This court will not deny the right of appeal, unless compelled, by the positive provisions of the statute.

Secondly, the statute inhibiting an appeal from the report of auditors, applies, in its terms, only to actions of account. *Stat.* 36. *tit.* 1. *sec.* 2. (ed. 1835.) There is a reason for this in account, which is not applicable to book-debt.

Thirdly, the general statute regarding appeals gives the right of appeal, in explicit terms. *Stat.* 52, 3. *tit.* 2. *sec.* 62. (ed. 1835.) This provision includes book-debt, as well as other actions. There can be no exception, unless it is expressly made by statute, as in account.

Fourthly, there has been no usage or decision in this court, respecting the present question ; nor has there been any counter usage, *dictum* or decision, in any court or book. The claim has not often, if ever, been made ;—that is all. If it were doubtful, (which is not conceded,) on which side is it safest to err ; on that which *extends*, or that which *abridges*, the right of appeal ? But usage, though extensive and uniform, cannot controul a positive statute. *Linsley* v. *Brown*, 13 *Conn. Rep.* 192. 200. *Stone* v. *Stevens*, 12 *Conn. Rep.* 219.

*C. A. Ingersoll*, for the defendant in error, insisted, That the cause was not appealable. This appears, in the first place, from the words of the statute concerning book-debt. In looking at that statute, in connexion with the statute concerning account, it is manifest, that the legislature never intended that an appeal should be had, after a judgment on a report of auditors.

Secondly, although there may be no decision direct to the point, by this court ; yet it appears from a general practice under the statute, acquiesced in, by the courts and the profession, and generally understood by them, that an appeal cannot be had after a judgment on a report of auditors. *Maples* v. *Avery*, 6 *Conn. Rep.* 20. *Gaylord* v. *Payne*, 4 *Conn. Rep.* 190.

Thirdly, the right of a party to appeal from the county

*New-Haven, July, 1840.*

Bowers
*v.*
Gorham.

*New-Haven,*
*July, 1840.*

Bowers
*v.*
Gorham.

court to the superior court, is confined to cases in which there has been a trial "by the county court." *Stat.* 52. *tit.* 2. *sec.* 62. (ed. 1835.) This cause was not *tried,* by the county court, any more than a cause tried by arbitrators or referees appointed by a rule of court, would be a trial by the court. It is a trial *out* of court, by a tribunal appointed by the court, with the consent of the parties. Where there is no *trial* by the court, although there may be an *order* or a *judgment* by the court, the cause is not appealable. *Hoyt* v. *Brooks,* 10 *Conn. Rep.* 188.

STORRS, J. The question on this motion in error, is, whether an appeal to the superior court is allowable, from a judgment rendered in the county court, on a report of auditors in an action of book debt.

If this were, as claimed by the plaintiff in error, a question merely of construction, on the laws respecting this subject, as they now appear on our statute book, we think that we should be bound to decide that such appeal is not allowable. As remarked by *Ch. J. Parsons,* in *Commonwealth* v. *Messinger,* 4 *Mass. Rep.* 469.: "Any jurisdiction vested in any court must be presumed to be uncontroulable by appeal, unless the presumption is repelled, by some legal provision." A right to appeal is a privilege granted to an aggrieved party ; and it is for such party to shew clearly, that he is entitled to that privilege. The general law, authorizing appeals from judgments of the county court, extends, by its terms, only to actions " brought to, and *tried* by." that court. (*Stat.* 57. *tit.* 2. *sect.* 62. ed. 1838.) This expression, taken in its ordinary and popular meaning, in which sense we think it is used, would not seem to denote a hearing before auditors, or any other trial than by the court itself; and that the latter was, what was really contemplated, when the act was originally passed, is evident from the circumstance that the provision for appointing auditors, in actions of book-debt, was made many years afterwards. The statutes respecting the actions of book-debt and account, after providing for the appointment of auditors, is substantially, and indeed almost literally, the same language, prescribe, in the former, that "judgment shall be rendered in pursuance of the award ;" (*Stat.* 100. *tit.* 10. *sect.* 3.) and, in the latter, that " the court

shall render judgment, that the party, in whose favour it is made, shall recover the sum found to be due, with his lawful cost." (*Stat.* 40. *tit.* 1. *sect.* 1.) We think, that by the "judgment" mentioned in these provisions, is meant a final and conclusive judgment. This is the natural import of the expression ; and it is not plainly varied, by any other provision. It is the same expression as is used in the statute respecting references of causes to arbitration, (*Stat.* 83. *tit.* 3.) in which there can be no doubt that it was the intention of the legislature that the judgment on the award should be final and conclusive. In addition to this, in the law respecting actions of account, it is provided, that " no appeal shall be allowed on any judgment given on a report of auditors." (*Stat.* 40. *tit.* 1. *sect.* 2.) This provision is sufficiently broad in its terms to embrace actions of book-debt, as well as account ; and when we consider the analogy and resemblance, in this respect, between them, that the same reasons exist in each case why an appeal should be denied ; and that the statutes on the subject are *in paria materia,* and therefore, to be considered and construed together, it is manifest that an appeal from a judgment on a report of auditors, in both cases, was intended to be prevented. (12 *Mass. Rep.* 384.) If either party desires a trial before a higher tribunal, he may still obtain that benefit, by an appeal previous to the appointment of auditors ; so that he can suffer no inconvenience or injustice.

If, however, the meaning of these laws were doubtful, the universal, uniform and unquestioned usage which has prevailed under them, for nearly a century at least, must be held to have put a construction on them, from which we are not at liberty to depart. It is true, that no usage, although uniform and long continued, can prevail against the explicit provisions of a statute ; yet where they are ambiguous, such usage furnishes a contemporaneous construction, which affords high evidence of its meaning. *Hawley* v. *Parrott,* 11 *Conn. Rep.* 489. *Rogers* v. *Goodwin,* 2 *Mass. Rep.* 489. We are not able to ascertain, that an appeal in a case like this, was ever before granted or attempted ; and the inconvenience of allowing a principle, which, in practice, has so long and extensively prevailed, to be now disturbed, would be intolerable.

*New-Haven,*
*July, 1840.*

Bowers
*v.*
Gorham.

It is not, however, necessary to decide the case upon these grounds : in another view, it is free from any possible doubt.

The present statutes on this subject, are only a revision of those previously existing, with some, and those very slight, circumstantial variations in phraseology and arrangement. That revision of them, with the other general laws of the state, took place in 1821, when an act was passed, re-enacting and confirming such revised acts, and providing that "such of the said revised laws, as remain substantially the same as before the revision, shall be considered as having continued in force from the time that they were first enacted, any circumstantial amendments, or variations in phraseology, arrangement or connexion notwithstanding." (*Stat.* 485. ed. 1821.) Previous to that revision, the provisions for the appointment of auditors in actions of account and book-debt, (passed in 1724,) and that taking away the right of appeal from a judgment rendered on a report of auditors, (passed in 1762,) were, ever since their enactment, embraced in one statute, and under the same title : the last having been undoubtedly passed as an amendment to that into which it was incorporated, and unequivocally applicable to both of said actions. With a view to a more systematic arrangement, the provisions, applicable to each action, were placed under separate and appropriate titles ; the clause, however, disallowing such appeal, being placed under the title of " account," and omitted, probably through inadvertence, under that of "book-debts." Hence, it appears, that the right of appeal, in the present case, is taken away, by plain legislative enactment ; and that there is, consequently, no error in the judgment complained of.

In this opinion, the other Judges concurred.

Judgment affirmed.