## EXCELSIOR ELECTRIC COMPANY

### V.

## CHICAGO WAIF'S MISSION AND TRAINING SCHOOL.

*Injunctions—Judgment—Issuance of Execution on and Collection of—Practice—Appeal and Error.*

1. While it is a fundamental principle of law that no person shall be condemned, or cast in any litigation without having had an opportunity to be heard, where he has once been fairly and fully heard, the right to appeal rests upon no actual equity, and the fact that a person should by some misfortune be deprived of an opportunity to take an appeal, is a matter different in its nature from one where he was deprived of an opportunity to be heard at all.

2. To hold that all orders entered by the Circuit and Superior Courts of Cook County which do not appear in the Law Bulletin, and of the entry of which no previous notice has been given the parties, are irregular and may be set aside, would be error.

[Opinion filed June 2, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Messrs. BAKER & GREELEY, for appellant.

That equity will not grant relief on the ground of accident where the complainant has been guilty of negligence, is entirely well settled. It is furthermore well settled that equity requires very great diligence on the part of complainant before it will grant relief on the ground of accident. See Mellendy v. Austin, 69 Ill. 15, 20; Ballance v. Loomis, 22 Ill. 82, 84.

Appellee is chargeable with the negligence of its attorneys in the action at law. Kern v. Strausberger, 71 Ill. 413.

The cross-bill of appellee seeks to give to the alleged custom of judges to give notice of their decision of matters held under advisement, and the custom to recognize the Chicago Daily Law Bulletin as the official medium of notification of

proceedings of the courts of Cook County, the force of rules of court. But this can not be done for two reasons: First, rules of court are not valid unless spread on the records of the court. I. C. R. R. Co. v. Haskins, 115 Ill. 300, 311; Owens v. Ranstead, 22 Ill. 161, 174. Second, because such customs would be unreasonable, and contrary to the theory of courts of record. Owens v. Ranstead, 22 Ill. 161, 173.

If the custom of judges to give notice of decisions in cases held under advisement, can, as set out in the bill, be taken to be a rule of practice, and can be sustained as such, it would follow that Judge Jamieson committed an error at law in rendering judgment without notice. But it is well settled that equity can not relieve against an error at law. Crafts v. Hall, 3 Scam. 131; Choate v. People, 19 Ill. 63; Gibbons v. Bressler, 61 Ill. 110; Bell v. Gardner, 77 Ill. 319.

Even should the court be of opinion that the circumstances of this case afford grounds for equitable relief, it would be necessary, to sustain the jurisdiction of equity, that the bill should set out specifically that errors were committed, and wherein they consisted. A court of equity will not grant relief against the loss of the right of appeal, unless it appears that that right would have been of avail to the complainant. The cross-bill merely states that errors were committed at the trial, but does not specifically point out what they were.

The injunction order is clearly wrong in restraining the further prosecution of the original bill. An injunction restraining a suit in equity is unheard of.

Messrs. MOSES & PAM, for appellee.

WATERMAN, J. Appellant brought a suit at law against appellee in the Superior Court of Cook County. By agreement a jury was waived, and the cause submitted to Judge Jamieson for trial. He found that appellee was indebted to appellant in the sum of $290. A motion for a new trial was made by appellee, which it was agreed should be submitted upon written briefs. Briefs were furnished, and the court took the motion under advisement.

On the 9th of July, 1890, as is alleged, Judge Jamieson, without notice to appellee or its attorneys, and without their knowledge, and in their absence, overruled said motion for a new trial, and entered judgment on said finding, allowing appellee an appeal from said judgment on filing bond and bill of exceptions in twenty days, which twenty days expired on the 29th day of July, 1890, and, as is alleged, said twenty days and the term at which said judgment was rendered expired before appellee or any of its attorneys knew that said judgment had been entered. Appellee having filed in the Circuit Court of Cook County a creditor's bill against appellant, based on said judgment, appellant filed a cross-bill setting up the foregoing, and also alleging that there is and has been for some time, published in the city of Chicago, a periodical known as the Chicago Daily Law Bulletin; that the same is recognized by the courts and by the bar of Cook County as the official medium of notification of all orders, judgments and proceedings of all the courts of Cook County, and all cases before them, and that the attorneys of appellee relied on receiving notification of orders and judgments in cases through said Bulletin; that the judgment heretofore mentioned against appellee and the order for the appeal fixing the time for filing the bond and bill of exceptions, did not appear in the Chicago Law Bulletin of July 9, 1890, or of any subsequent date, but was entirely omitted from said Bulletin; that by reason of said omission of said judgment and order from said Bulletin, the attorneys of appellee were not notified thereof.

The cross-bill also alleges that it is a custom and practice in the courts of Cook County, for the judges thereof to notify the counsel in all cases which they have under advisement or consideration, of the time and place of the decision thereof, and avers that appellee relied on said custom to receive notice of the time and place of deciding said motion for a new trial, and the appellee would have perfected its appeal within the time fixed by the order of Judge Jamieson, had it had notice thereof.

The cross-bill also alleges that on the 8th of August, 1890, the attorneys of appellee went to Judge Jamieson and asked

him to decide their motion for a new trial in said cause, where-upon he informed them that he had already decided it on the 9th of the previous July; that thereafter, on the 19th of August, appellee applied to said Jamieson asking that the order allowing an appeal and time for filing bond and bill of exceptions be extended *nunc pro tunc* as of July 29, 1890, which motion was denied.

The cross-bill also sets out that the cause of action upon which said judgment was obtained, was based upon a written contract for the purchase by appellee, from appellant, of an electric motor; that appellant did not furnish such an electric motor required to be furnished by the terms of the written contract, but one inferior thereto and unsatisfactory to appellee, and that having been found, after trial, unsatisfactory, the said motor was by appellee tendered back to appellant within the time limited by said contract for the return of said motor if found to be unsatisfactory, and the cross-bill avers that appellant by its agent agreed to accept and receive said motor, and further avers that subsequently, the matters in dispute between appellant and appellee were settled by mutual agreement, and that appellee was not when said judgment was rendered, and is not now, indebted to cross-defendant in any manner, and therefore refuses to pay the demand of appellant.

The cross-bill prays for an injunction restraining appellant from issuing any further execution on its said judgment, or taking any further proceedings for its collection, and from prosecuting its bill of complaint in this cause.

A general demurrer was filed to the bill, upon the hearing of which a temporary injunction was granted as prayed in the cross-bill, from which order granting an injunction this appeal was taken.

As Judge Jamieson is no longer upon the bench, it is manifest that the only relief which the court can give the cross-complainant that will be of any avail to it, is not merely to grant it an opportunity to appeal, which it alleges by want of notice it was deprived of, but as it is not shown that there is any error in the record of the judgment as it now stands, unless that record can be added to, or changed in some way, no result

Excelsior Electric Co. v. Chicago Waif's Mission.

but an affirmance of such judgment could follow an appeal therefrom. It is only by adding to the record of said judgment a bill of exceptions, that any error in it could be made to appear; but there is now no one who is authorized to grant or settle a bill of exceptions to which the parties do not agree, and that the parties to this litigation can agree upon a bill of exceptions in said suit at law is not pretended. All that appellee contends it lost, or was deprived of, by not having notice of the entry of said judgment at the time it was rendered, is an opportunity to have prepared and had settled a bill of exceptions, and to have perfected its appeal. That opportunity is one that can not now be restored to it. Any relief that may be granted to it, to be of any service, must go much farther than that. In other words, it must grant to appellee a new trial, and that without any showing that appellee was entitled to a new trial, or could or would upon appeal have been awarded one. So that, as the case now stands, if anything whatever that will be beneficial to appellee is to be done, it is to be restored not only to all that it lost by reason of its failure to receive notice of the entry of said judgment, but to obtain an advantage by such want of notice. It is, to be sure, the case, that appellee sets forth in its bill matters and things which would probably constitute a good defense to the action at law brought by appellant against it, but it does not set forth the evidence presented to the court upon the trial at law, and show in what manner the court erred in making the finding and rendering the judgment it did. So that, for aught that is shown in this cause, the finding of the Superior Court in the suit at law was upon the evidence there produced, entirely just and proper, and the judgment thereon rendered in all respects not only just, but entirely free from error, and no showing to the contrary having been made, it must be presumed that the judgment of the Superior Court was, in the action of law tried before it, entirely free from error, and consequently one which would not have been reversed had a bill of exceptions been signed and an appeal been taken from such judgment.

It is not only a natural equity, but a fundamental principle

of law, that no person shall be condemned, or be cast in any litigation without having had an opportunity to be heard; but having once been fairly and fully heard, the right to an appeal rests upon no natural equity; and that a party should by some misfortune be deprived of an opportunity to take an appeal, is a matter entirely different from his having been deprived of an opportunity to be heard at all.

To give the cross-complainant the relief which it seeks in this case, would be equivalent to holding that all orders entered by the Circuit and Superior Courts of this county which do not appear in the Law Bulletin, and of the entry of which no previous notice has been given the parties, are irregular and may be set aside. We do not feel warranted in so holding.

In the case of Green v. Dodge and Cogswell, 6 Ohio, 80, it was held that a court of chancery would not set aside a judgment because it was entered so as to operate as a judgment in bar, although the judge who directed the entry had previously assured counsel that it should not be so entered. The Supreme Court of Ohio in that case say: "A court can enter into no contracts to do business; it can speak only by its record."

This case presents a very different aspect from what it would had appellee been deprived of any opportunity to take an appeal by any fraudulent practice of appellant.

The order for an injunction is set aside.

*Order for injunction set aside.*