CHARLOTTE ETCHELLS *vs.* JAMES WAINWRIGHT ET UX.

Third Judicial District, New Haven, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A motion for a new trial, addressed to the trial court, contained a general allegation to the effect that the judgment was erroneous and ought to be set aside because of material errors committed by the trial judge. *Held*, upon demurrer to the motion, that this was not such an issuable allegation of fact as was admitted by the demurrer.

Aside from the common-law remedy by writ of error, the entire system of appellate procedure and proceedings for securing new trials generally, are governed in this State by statute.

The right of appeal is not granted by our Constitution nor is it essential to "due process of law." It is merely a statutory privilege granted upon certain conditions which must be strictly complied with. Such conditions cannot be modified or extended by any judge or court without express statutory authority.

Having tried and rendered final judgment in a case, the Court of Common Pleas has no power—at all events after the term in which the judgment was rendered—to grant the defeated party a new trial upon the ground that he was prevented by the death of the trial judge from obtaining a finding of facts, and consequently from appealing to this court for a review of alleged erroneous rulings of the trial court upon questions of evidence and claims of law.

Even had the trial court been clothed with jurisdiction to review the rulings of the trial judge, it could not have done so in the present case without a finding of facts, since it would have been impossi-

ble for it to determine whether such errors had been committed as would entitle the defeated party to a new trial.

General Statutes, § 815, which empowers the Court of Common Pleas to grant a new trial for mispleading, the discovery of new evidence, want of notice, " or for other reasonable cause," does not include causes for which a new trial may be obtained by appeal under other statutes.

Argued January 22d—decided March 3d, 1904.

ACTION to recover money claimed to have been obtained by undue influence and fraud, brought to and tried by the Court of Common Pleas in New Haven County, *Cable, J.,* and judgment rendered for the defendants. After notice of appeal had been filed by the plaintiff, the trial judge died before making a finding of facts. The plaintiff then moved for a new trial, to which the defendants demurred, and the questions arising thereon were reserved (*Bishop, J.*) for the advice of this court. *Denial of motion advised.*

The plaintiff, in 1901, brought an action against the defendants in the Court of Common Pleas in New Haven county, to recover certain money and property amounting to about $300, which she alleged the defendants had wrongfully and fraudulently induced her to transfer to them while she was a member of their family, and when from age and infirmity she was unable to understand the nature and effect of such transfer.

The defendants, while admitting said transfer in their answer, denied that they had wrongfully procured it to be made.

On February 26th, 1903 (and during the January term of said court, terms of which are by statute held on the first Monday of January, March, May and November, and on the third Monday of September), the court having heard the parties found the issues for the defendants and rendered judgment in their favor for costs. The plaintiff, having given due notice of appeal, filed on the 6th of March, 1903, a draft-finding containing a statement, in 46 separate paragraphs, of facts which she requested the trial judge to find, showing the circumstances, as claimed by the plaintiff, under

which said money and property were transferred to the defendants. It also contained a statement of certain rulings of the court in excluding questions asked by plaintiff's counsel of the defendants as witnesses, and a statement of the claims said to have been made by plaintiff's counsel upon said facts, and of the rulings of the court upon said claims. On the 12th of March the defendants filed their counterfinding, and both of said proposed findings were given to the *Hon. Julius C. Cable*, the judge who tried and decided said case.

On the 9th of June, 1903, said judge died without having made a finding of facts in said case.

On the 3d of September, 1903, the plaintiff filed in said Court of Common Pleas a written motion, entitled "Plaintiff's Motion for a New Trial," alleging therein that said judgment had been rendered, and said notice of appeal and proposed findings had been filed; that no finding had been made, and that by reason of the death of the judge who tried the case no finding could now be made by the court; that "upon the trial of said case there were manifest errors committed by the said judge who tried the same, and which errors were substantial and material, and which entered into and made a part of the judgment rendered by said court, and that such errors contributed to and were the cause of the judgment so rendered"; that "said judgment was manifestly erroneous, and should be set aside and declared null and void, and the plaintiff should be allowed to have a new trial of said action." Said motion asked the court to "grant a new trial of said action for the reasons" therein stated.

To this motion the defendants demurred, upon the grounds, among others, that said motion having been filed after the term in which the judgment was rendered, the court had no jurisdiction to entertain it; that the law made no provision for a new trial under the circumstances alleged in the motion; that no right to a new trial arose from the fact that it was impossible for the trial judge to make a finding; and that it did not appear that there was any reasonable ground for a new trial.

The case was reserved for the advice of this court.

*Verrenice Munger* and *Robert L. Munger*, for the plaintiff.

*Frederick W. Holden*, for the defendant.

HALL, J.    It is claimed that the defendants, by demurring to the plaintiff's motion, have admitted that the judgment which the plaintiff attempted to appeal from was erroneous.    The motion states no facts or rulings showing the claimed error.    An allegation, in an application for a new trial, that the judgment sought to be reversed is erroneous and ought to be set aside because of errors committed by the trial judge, is not such a proper and issuable allegation of fact as is admitted by a demurrer; nor ought we, from the demurrer to this motion, to assume, as the basis of our advice in this case, that the judgment in question is erroneous, if it is apparent that the alleged error cannot be shown.

The conclusion which we have reached upon the merits of the question before us, renders it unnecessary for us to decide whether, under § 813 of the General Statutes, a case from the final judgment in which an appeal has been taken to this court is, at a subsequent term and before the appeal has been perfected, so pending before the trial court that it may entertain any motion concerning it other than such as relate to the appeal.

Under the motion made by the plaintiff in the Court of Common Pleas, on the 3d of September, 1903, she had no better right to a new trial than she would have upon a petition for a new trial under General Statutes, § 815.    In either case she is required to prove by legal evidence the facts upon which she relies to establish her right to a new trial, and in either case a decision in her favor would be subject to review by this court.    *Carrington* v. *Holabird*, 17 Conn. 530, 538; *Husted* v. *Mead*, 58 id. 55, 66.    Indeed, if a decision in plaintiff's favor upon this motion would not have been reviewable, it was not proper to reserve the motion for our advice.

We shall, therefore, inquire whether the plaintiff, under

our law and practice and upon the facts above stated, would have been entitled to a new trial even if she had proceeded by a petition for a new trial under § 815, which provides that certain courts, including courts of common pleas, " may grant new trials of causes that may come before them respectively, for mispleading, the discovery of new evidence, want of actual notice of the suit to any defendant, or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed ; or for other reasonable cause, according to the usual rules in such cases."

In the case before us the plaintiff claims to be entitled to a new trial upon the ground that, without her fault, she has become unable, by reason of the death of the trial judge, to complete, as required by statute, an appeal from a final judgment in the Court of Common Pleas, taken to this court for the purpose of having reviewed certain alleged erroneous rulings of said trial court upon questions of evidence, and upon claims of law made by her at the trial upon the facts claimed to have been proved.

Except as we retain the common-law remedy by writ of error, the entire system of appellate procedure, and generally the proceedings for procuring new trials, are in this State governed by statute. Here, as generally in other jurisdictions, the conditions upon which appeals to courts of review may be taken and perfected, as well as the powers of different courts to grant new trials, are expressly defined and limited by statute, and " the conditions required by statute as precedent to taking and perfecting an appeal cannot therefore be modified or extended by any judge or court without express statutory authority." 2 Ency. of Pl. & Pr. p. 17 ; *Sholty* v. *McIntyre*, 136 Ill. 33. Certainly after the term in which final judgment is rendered has expired, courts of common pleas have no power, either upon motion for a new trial or otherwise, to review rulings upon questions of law made in the trial of a cause, nor to grant a new trial of the case because of such erroneous rulings. The former method of procuring a review of such rulings by motion for new trial made in the trial court (*Zaleski* v. *Clark*, 45 Conn. 397,

402), has, since the Act of 1882, been superseded by the "appeal," which is a process for bringing to this court for review those questions of law arising in a trial which were before reviewable upon a motion for new trial, as well as the questions before reviewable by motion in error. *White* v. *Howd*, 66 Conn. 264, 266. By our present laws the only court which can properly review the rulings at a trial in the Court of Common Pleas, and grant new trials for such rulings, when erroneous, is the Supreme Court of Errors ; and in this court such claimed errors—when, as in the present case, they do not appear upon the face of the record of the trial court—can only be reviewed, and a new trial granted, upon an appeal taken as prescribed by statute, containing a finding by the trial judge showing the rulings made by the court and the facts found, so far as such facts are necessary, for the proper presentation of the questions of law sought to be reviewed. The death of the trial judge has made it impossible to obtain the finding required by statute in order to enable this court to review the claimed rulings and grant the new trial asked for.

If the Court of Common Pleas had jurisdiction to review its own decisions and grant new trials for erroneous rulings upon such questions as those set forth in the plaintiff's proposed finding, it could not, without a finding of facts, properly determine whether such errors had been committed in the present case as would entitle the plaintiff to a new trial. In the absence of a finding by the trial judge, the rulings of the trial court which do not appear of record could not be properly proved. If witnesses could testify as to rulings made upon questions of evidence, they could not as to rulings upon claims made in the argument of the case. If it could be made to appear that certain rulings upon questions of evidence were erroneous, a new trial ought not to be granted, unless it could be determined, from a finding of all the facts, whether such rulings were so harmful as to justify the ordering of a new trial. We think the Court of Common Pleas cannot properly grant a new trial in this case upon the ground that the rulings of the trial court were erroneous.

But the principal contention of the plaintiff seems to be that even if it is not made to appear that the rulings in question were erroneous, yet she is entitled upon equitable principles to a new trial, upon the sole ground that by the death of the trial judge she has been prevented from perfecting and prosecuting her appeal. It cannot be said that the trial of this case has not been fully completed and a final judgment rendered in the Court of Common Pleas. An appeal to this court from the final judgment of a trial court forms no part of the trial of the case in the latter court. That trial is completed when final judgment is rendered. The judgment of the trial court is not vacated by such an appeal, and it is none the less a final judgment because subject to be set aside upon writ of error or other process for a review of the proceedings in the trial court. If, after a trial and final judgment in the Court of Common Pleas, the only complaint of the defeated party respecting the proceedings at the trial and the character and amount of the judgment is, that such errors were committed in rulings upon questions of evidence and claims of law as are complained of by this plaintiff, the judgment should stand, and the successful party is entitled to have it stand as a final judgment, until it is shown that such rulings were erroneous and that the judgment ought to be set aside.

Excepting as the plaintiff questions the correctness of certain rulings of the trial court upon questions of law, she makes no complaint as to the proceedings in the trial in that court. Upon every question which she sought to have reviewed by her proposed finding she has been fully heard in the trial court. The right to have, by the appeal attempted to be taken, a second hearing upon such questions, is neither specifically granted by our Constitution nor is such right essential to due process of law. *Reetz* v. *Michigan*, 188 U. S. 505. It is not a right based upon principles of natural justice. "Having once been fairly and fully heard, the right to an appeal rests upon no natural equity; and that a party should by some misfortune be deprived of an opportunity to take an appeal, is a matter entirely different from his

having been deprived of an opportunity to be heard at all." *Excelsior Electric Co.* v. *Chicago Waif's Mission*, 41 Ill. App. 111, 116. The right of appeal, whether for the purpose of transferring a case to another court for retrial, or for the revision of rulings of law, is merely a statutory privilege granted to an aggrieved party upon certain conditions which must be strictly complied with. *Bowers* v. *Gorham*, 13 Conn. 528, 530 ; *White* v. *Howd*, 66 Conn. 264, 266.

But in whatever light we regard the right to appeal, since it is a remedy which the plaintiff cannot now pursue, it would seem to be unfair to these defendants, who have obtained a favorable judgment, to impose upon them the burden and expense of a second trial, until it could be shown either that the first trial was in some way unfair or that some erroneous rulings were made at that trial.

The present case is not one in which the defendants by some accident, mistake, fraud, or otherwise, have obtained an unfair advantage in a proceeding at law, and have so obtained a judgment which a court of equity will control in order to restore an injured party to his right. *Stanton* v. *Embry*, 46 Conn. 65, 76. That an aggrieved party has, by the death of the trial judge, been deprived of the privilege of having the rulings and judgment of the trial court reviewed by appeal, is not a ground for a new trial under the provisions of § 815. The causes for which new trials may be granted, described in that section, are only such as show that the parties did not have a fair and full hearing at the first trial ; and the words " or for other reasonable cause," mean other causes of the same general character, and were not intended to include causes for which a new trial may be obtained by appeal under other statutes. *Anderson* v. *State*, 43 Conn. 514, 516; *Brown* v. *Congdon*, 50 id. 302, 309. Rulings in other jurisdictions, to which our attention has been called as applicable to the case before us, are so generally based upon statutory regulations or rules of court in regard to appeals and new trials different from our own, as to be of little weight as authorities under our laws and practice.

The Court of Common Pleas is advised to deny the motion for a new trial.

Costs will be taxed in this court in favor of the defendants.

In this opinion the other judges concurred.