NATHANIEL R. BRONSON, TRUSTEE, *vs.* THE PRESI-
DENT, DIRECTORS AND COMPANY OF THE MECHANICS
BANK OF NEW HAVEN.

NATHANIEL R. BRONSON, TRUSTEE, *vs.* THE NEW
HAVEN COUNTY NATIONAL BANK.

\* First Judicial District, Hartford, March Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

The right to appeal is not a constitutional one, nor one based upon
principles of natural justice. It is but a statutory privilege which
must be exercised in strict compliance with the terms and condi-
tions upon which it is granted.

An appellant is bound to prosecute his appeal to this court with due
diligence; and therefore long continued and unreasonable delay
upon his part in causing the record to be printed will justify this
court in dismissing the appeal and affirming the judgment of the
court below.

Argued March 1st—decided March 15th, 1910.

MOTIONS of the defendants and appellees to dismiss
the plaintiff's appeal in each case for want of prosecu-
tion. *Motions granted and appeals dismissed.*

*Edward A. Harriman,* for the defendant in support
of the motions.

*Seymour C. Loomis,* for the plaintiff in opposition to
the motions.

HALL, C. J.   The defendants' motions for the dis-
missal of the appeals in these cases are based upon § 59
of the Rules of the Supreme Court of Errors (Practice
Book, 1908, p. 284), which provides that "if on the
call of the docket, or at any subsequent time, it appears

\* Transferred from the third judicial district,

that any record which might have been made up and printed has not been made up or printed, and that the appellant is responsible therefor, . . . the appeal . . . may be dismissed with costs. . . ."

From the averments of the defendants' written motions to dismiss these appeals and the answers thereto, the affidavit of counsel for the plaintiff, and the statements made by the clerk of this court at the hearing in this court, the following facts affecting said motions appear to be uncontroverted:—

April 26th, 1909, judgment was rendered in the Superior Court in favor of the defendant in each case.

May 20th, 1909, the plaintiff filed a draft-finding containing two hundred and forty-three paragraphs, stating one hundred and four questions of law sought to be reviewed, ninety-six rulings upon questions of evidence, and sixty-seven claims of law made in the trial court.

July 29th, 1909, the trial judge filed a finding of facts for the purpose of an appeal to this court.

September 7th, 1909, the plaintiff filed a motion to correct the finding under § 795 of the General Statutes, containing sixty-seven exceptions to the finding of the trial judge, referring to more than one hundred exhibits, and having annexed thereto three hundred and thirty-one pages of evidence, claimed to be material to the exceptions.

September 18th, 1909, the court denied the motion to correct the finding.

Prior to September 25th, 1909, the defendants filed a request that all the evidence be certified in connection with the plaintiff's motion to correct the finding.

September 25th, 1909, the plaintiff filed his appeal to the October term of this court, alleging sixty-seven errors of law.

October 6th, 1909, the trial court, upon the defend-

ants' said motion, certified the entire evidence in the case, containing about two thousand pages of the stenographer's notes, and made it a part of the record as provided in § 795.

October 16th, 1909, the plaintiff filed forty-seven additional reasons of appeal.

Upon the certification of the entire evidence by the trial judge, the plaintiff directed the clerk to delay "the printing of the record," and the record has not yet been printed.

December 4th, 1909, the plaintiff requested his attorney, Mr. Judson, to see defendants' attorney, Mr. Stoddard, regarding a correction of the record.

December 13th, 1909, Mr. Judson wrote to Mr. Stoddard stating that the plaintiff had reduced his exceptions to the finding to one or two, and to which a small part of the testimony was directed, and requesting an interview for the purpose of eliminating such parts of the transcript of the evidence as had no bearing upon the appeal.

December 14th, 1909, Mr. Stoddard replied, requesting Mr. Judson to communicate with him as soon as he could respecting the conference asked for, and stating that he, Mr. Stoddard, would arrange that he and Mr. Harriman should meet him.

December 31st, 1909, Mr. Judson went south, and at his request the proposed conference with Mr. Stoddard and Mr. Harriman was postponed.

Mr. Judson returned January 10th, 1910, and arranged for an interview to be had with Mr. Stoddard and Mr. Harriman February 4th, 1910.

January 31st, 1910, the defendants' attorney wrote to the plaintiff's attorneys that unless the latter began the printing of the record immediately, the plaintiff would move for the dismissal of the appeals at the March term of this court at Hartford.

February 4th, 1910, the previously arranged conference of the attorneys for the plaintiff and the defendants was had.

February 5th, 1910, Mr. Stoddard wrote to Mr. Judson that he and Mr. Harriman were satisfied that it was impossible to present the appeal without printing all the certified proceedings, and that they again insisted that the printing of the record be proceeded with at once.

February 11th, 1910, the defendants filed their motions to dismiss the appeals.

February 18th, 1910, the plaintiff authorized the printing of the entire evidence, and on that day his attorney directed the clerk to proceed with the printing.

February 24th, 1910, plaintiff's attorneys filed in this court a motion to be allowed to file the following additional reason of appeal: "The appellant further claims that the finding should be corrected in accordance with exceptions 1 and $1\frac{1}{2}$ to 67, each respectively."

The entire record as allowed by the trial judge cannot be printed in time for the next (April) term of this court. It is doubtful if it can be for the following June term.

The defendants claim that these facts show that the appellant is responsible for the failure to have the records in these cases printed, and that they justify their claim that the appeals should be dismissed.

Had the plaintiff desired to have this court review the questions of law raised by the finding as made by the trial court and filed July 29th, 1909, he could undoubtedly have had the record printed for the October term, 1909, of this court, to which his appeals were originally taken. Clearly the preparation of the record has been so delayed that the case cannot be ready for trial before the June term, 1910, because of the plain-

tiff's attempt to have his sixty-seven exceptions to the finding considered by this court, without incurring the expense of printing the entire evidence. The question is, ought we, under the circumstances, to justify this delay.

Prior to October 6th, 1909, there was a question between the parties whether the whole or only a part of the evidence should be printed. The plaintiff, by his exhibits attached to his exceptions as required by § 795 of the General Statutes, had asked that a part only of the evidence be printed. The defendants, by virtue of the right accorded them by § 795, requested the trial judge to certify all the evidence, and this request, as the statute required it should be, was granted by the court, and all the evidence was certified and allowed and made a part of the record. By this decision, rendered October 6th, 1909, which the statute does not empower us to review, the defendants, as the plaintiff well knew, became entitled to have the entire evidence printed, so long as the plaintiff insisted in pursuing his motions for a correction of the finding. It thereupon became the duty of the plaintiff, if he still insisted in pursuing his motion to correct the finding, to proceed with the printing of the entire evidence, unless he procured the consent of the defendants to omit the printing of some part of it, or, if he wished to abandon his motion to correct, then to proceed with the printing of the record, taking the finding as made by the trial judge. Instead of pursuing either course, he directed the clerk not to print the record, and no part of the record has been printed. After October 16th no attempt appears to have been made by the plaintiff to obtain a conference with the defendants looking to the omission of parts of the evidence, until December 13th, when an interview was requested for that purpose by a letter containing the statement that the plaintiff would, or had, reduced his

exceptions to the finding "to one or two in number." It does not appear that any reduction of the number of the exceptions to the finding was in fact ever made. Although the defendants in answering said letter the next day (December 14th) expressed their willingness to meet the plaintiff's attorneys at any time that would suit their convenience, the plaintiff's attorneys do not appear to have been ready for such a conference until February 4th, 1910. The excuse given for this delay is that Mr. Judson, one of the two attorneys for the plaintiff, the plaintiff himself also being a practicing attorney, was out of the State from December 31st until the 10th of January. The next day after the interview of February 4th, counsel for the defendants wrote the attorneys for the plaintiff that defendants' attorneys were satisfied that it was impossible to present the case on the appeal without printing all the evidence. Then, after counsel for defendants had twice insisted in writing that the printing of the record be immediately proceeded with, there followed a delay of two weeks before the plaintiff himself decided to incur the expense of printing all the evidence, and obtained the consent of the referee in bankruptcy, whose office is in New Haven. The clerk was finally directed to proceed with the printing February 18th, 1910, a week after the defendants' motions to dismiss the appeals had been filed.

The plaintiff has had his day in court. The right to an appeal is not a constitutional one, nor one based upon principles of natural justice. It is but a statutory privilege which an aggrieved party has the right to avail himself of only when he has strictly complied with the provisions of the statutes and rules upon which the privilege is granted. *Etchells* v. *Wainwright,* 76 Conn. 534, 541, 57 Atl. 121.

Upon the facts before us the appellants have failed to

prosecute their appeals with due diligence. They are responsible for directing the record, as allowed by the trial court, not to be printed, and for failing to order it to be printed until February 18th, 1910.

The motions of the appellees are granted, and the appeals are dismissed with costs, and the judgments of the Superior Court are affirmed.

In this opinion the other judges concurred.