Benjamin E. Chanosky, Jr. *v.* The City Building Supply Company

Edward N. Shay, Administrator (Estate of Rosemary Kralik) *v.* St. Raphael Hospital et al.

Maurice Segar *v.* Nancy C. Lounsbury, Administratrix (Estate of C. C. Lounsbury), et al.

King, C. J., Murphy, Alcorn, Comley and Shannon, Js.

Argued February 2—decided February 25, 1965

*Ralph C. Dixon,* with whom was *Philip S. Walker,* for the appellant (defendant) in the first case.

*Paul J. McQuillan,* with whom was *Frank E. Dully,* for the appellee (plaintiff) in the first case.

*William R. Murphy,* with whom was *Morris Tyler,* for the appellant (named defendant) in the second case.

*Harold M. Mulvey,* with whom was *Edward N. Shay,* for the appellee (plaintiff) in the second case.

*Donald P. Chernoff,* for the appellants (defendants) in the third case.

*Francis J. Pavetti,* for the appellee (plaintiff) in the third case.

ALCORN, J. These cases, although unrelated, are treated together because of the identity of the immediate issue. The appellants in these cases were, on our motion, cited to appear and show cause why the appeal in each case should not be dismissed for failure to prosecute with proper diligence. Practice Book § 696. No cause was shown, and the appeals were dismissed. We granted reargument, and it produced no subject deserving consideration other than the assertion of counsel that they had not understood the purport of Practice Book § 696 and were, therefore, taken by surprise by its enforcement. We have decided to accept that

representation, made by officers of the court, at its face value and to lay at rest any basis for a like claim in future cases.

Counsel confound extensions of time in which to take various steps in the appeal, granted by the trial court with the consent of the adverse party under Practice Book § 665, with the utterly different question of proper diligence in prosecuting the appeal under § 696. They treat the obtaining of an extension of time from the trial court as indicating proper diligence in processing the appeal. On the contrary, a series of such extensions may be cogent, and indeed the only necessary, evidence of a lack of proper diligence. The supervision and control of proceedings on appeal are in this court from the time the appeal is filed. Practice Book § 692.

The right to an appeal is not a constitutional one. It is but a statutory privilege available to one who strictly complies with the statutes and rules on which the privilege is granted. *Bronson* v. *Mechanics Bank,* 83 Conn. 128, 133, 75 A. 709; 4 Am. Jur. 2d 533, Appeal and Error, § 2; 16 Am. Jur. 2d, Constitutional Law, § 576, p. 980, §§ 583, 584 p. 989. Implicit in counsel's claim of surprise is the suggestion that this court has laid down no guidelines by which they could determine how dilatory they might safely be. A sufficient answer is that the rules set forth the time period for each step in the appeal. Those periods govern unless there is good cause for modifying them. And the cause which is asserted to be a good one should be explicitly set forth in any motion for an extension filed under Practice Book § 665. The granting of such a motion in the trial court, however, in no wise affects the power of this court under § 696 to compel the expeditious processing of appeals. If the interpretation of the

rules were otherwise, the ultimate control of the prosecution of appeals would pass from this court into the hands of counsel and the court or judge from whose decision the appeal is taken. Under § 696, this court will, as occasion requires, make its own determination whether, from the time an appeal is filed, it is being prosecuted with proper diligence. This has been done, prior to 1962, in a number of unreported cases; in the court year 1962-63, in *State* v. *McSweeney,* 150 Conn. 707, *McMahon* v. *Civil Service Commission,* 150 Conn. 712, *Baldwin* v. *Town Plan Commission,* 150 Conn. 712, and *Ficara* v. *Town Plan Commission,* 150 Conn. 713; and, in the court year 1963-64, in *Tuozzolo* v. *Zoning Board of Appeals,* 151 Conn. 727, 197 A.2d 942, *Tkaczyk* v. *Levine,* 151 Conn. 728, 197 A.2d 942, *Wells* v. *Wells,* 151 Conn. 728, 197 A.2d 943, and *State* v. *Fenster,* 151 Conn. 729, 197 A.2d 944. An important element in that determination is the number, extent and merit of the extensions of time obtained for taking various steps in the appeal, either with or without the consent of opposing counsel. The work of this court is not expedited if counsel are permitted to dally for the purpose of bargaining with the opposition, for personal convenience or because other cases in hand are deemed by them to deserve preferential treatment.

Solely because we accept counsel's asserted lack of understanding of what we consider the obvious import of § 696, as set forth above, the appeal is restored to the docket in any of the above-entitled cases in which the appellant's brief and appendix shall be filed within three weeks after the publication of this opinion.

In this opinion KING, C. J., COMLEY and SHANNON, Js., concurred.

MURPHY, J. (dissenting in part). Although it is with some reluctance that I agree to the restoration of the Chanosky and Segar cases, I am unwilling to do so in the Shay case. The lack of proper diligence in prosecuting this appeal is so obvious that it should be treated differently from the other two.

The appeal in the Shay case has been pending since September 12, 1963, in the Chanosky case since June 17, 1964, and in the Segar case since June 6, 1964, so that the Shay case is nine months older. In Chanosky, two and in Segar, three extensions of time to file briefs were obtained before the appellants were summoned to show cause why those appeals should not be dismissed. In Shay, the defendant appellant received six extensions of time to file its request for finding and draft finding. When filed, they were almost three months overdue under the rules. After the finding was made, the defendant's assignment of errors was not filed until more than two weeks after it should have been. Since the distribution of the printed record, the defendant obtained, with the adversary's consent, three extensions of time in which to file its brief and appendix before it received notice on November 19, 1964, to show cause on December 1 why the appeal should not be dismissed. The last extension was to expire on November 20, the day on which the defendant obtained from the trial judge a further extension to file its brief and appendix. This extension was granted ex parte in violation of Practice Book § 665. It had not been consented to by the adverse party and therefore action on it should have been delayed for five days to allow the adversary an opportunity to be heard on the extension.

Coupled with these facts was the uncontradicted

statement of the adversary that in September, he had warned the defendant that this court would "lower the boom" on it because of the repeated requests for extensions. Having lowered it, with sufficient cause for so doing, we should let it remain in that position.