STATE OF CONNECTICUT *v.* MICHAEL HOLUP
STATE OF CONNECTICUT *v.* JOHN W. RALLS

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and MULVEY, Js.

Submitted May 31—decision released June 18, 1974

*Ernest J. Diette, Jr.,* assistant state's attorney, in support of the motions.

Per Curiam. In each of these cases the state has, pursuant to the provisions of § 762 of the Practice Book, as amended, moved that the appeal be expedited by suspending some of the requirements for presenting an appeal to this court.[1]

It appears that there has been an unreasonable delay in the preparation of each of these appeals. In the *Holup* case, the appeal was filed by the defendant on November 12, 1970. The defendant's brief was not filed until May 30, 1974, and the state now requests that it be permitted to file its brief in typewritten form which, it represents, can be done within ten days or two weeks and will expedite hearing of the appeal.

In the *Ralls* case, the appeal was filed on December 30, 1970, and although the record was issued by the clerk of the Superior Court on October 31, 1973, the brief of the defendant has not as yet been filed.

The rules contained in the Practice Book "set forth the time period for each step in the appeal. Those periods govern unless there is good cause for modifying them. And the cause which is asserted to be a good one should be explicitly set forth in any motion for an extension filed under Practice Book § 665.[2] The granting of such a motion in the trial

---

[1] "[Practice Book] Sec. 762. RULES TO BE LIBERALLY INTERPRETED

"The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice.

"In the interest of expediting decision, or for other good cause shown, the supreme court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction."

[2] "[Practice Book] Sec. 665. EXTENSIONS OF TIME The judge who tried the case, or the court in which it was tried, may, for good cause

court, however, in no wise affects the power of this court under § 696[3] to compel the expeditious processing of appeals. . . . Under § 696, this court will, as occasion requires, make its own determination

shown, extend the time provided for filing the appeal or filing any paper or taking any other steps necessary to perfect the appeal, except as otherwise provided in these rules. Such extensions shall only be granted upon a written motion filed in quadruplicate with the clerk of the court wherein the case was tried. The clerk shall forward one copy to the judge who heard the case, one to opposing counsel, and, where the motion is for an extension of time to file briefs under Sec. 724, one to the reporter of judicial decisions. No such motion shall be granted until the expiration of five days after it has been filed, and if during that period an adverse party notifies the judge that he desires to be heard, it shall be granted only after hearing upon due notice to the parties, provided, if the adverse party endorses his consent on the motion, it may be immediately granted. The receipt of any such motion and the ruling of the judge thereon shall be noted on the docket. The time for filing a notice of intention to appeal may not be extended. No extension of time for the filing of the appeal, the filing of briefs, the giving of security for costs, or the payment of the entry or record fee, shall be granted unless the original motion for extension is filed before the time for taking the appeal or filing the notice of intention to appeal or filing the briefs, as the case may be, has expired and any subsequent motion is filed before the expiration of any previous extension. Extensions of time for filing motions in this court and for filing pleadings to such motions may be granted in accordance with Sec. 687."

[3] "[Practice Book] Sec. 696. LACK OF DILIGENCE IN PROSECUTING OR DEFENDING APPEAL    If a party shall fail to prosecute an appeal with proper diligence, this court may, on motion by any other party to the appeal or of its own motion, dismiss the appeal with costs. If a party shall fail to defend against an appeal with proper diligence, this court may, on motion by any other party to the appeal or of its own motion, set aside in whole or in part the judgment under attack, with costs, and direct the entry of an appropriate final judgment by the trial court against the party guilty of the failure. If that party is a defendant in the action, the directed judgment may be in the nature of a judgment by default for such amount as may, upon a hearing in damages, be found to be due. If that party is a plaintiff in the action, the directed judgment may be one dismissing the action as to him, and said judgment shall operate as an adjudication upon the merits. The statutory provisions regarding the opening of judgments of nonsuit and by default shall not apply to a judgment directed under the provisions of this rule."

whether, from the time an appeal is filed, it is being prosecuted with proper diligence. . . . The work of this court is not expedited if counsel are permitted to dally for the purpose of bargaining with the opposition, for personal convenience or because other cases in hand are deemed by them to deserve preferential treatment." (Footnotes added.) *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451–52, 208 A.2d 337.

When any party to an appeal fails to prosecute or defend that appeal with proper diligence, this court, on motion by any other party or on its own motion, may dismiss the appeal or set aside the judgment with costs. Practice Book § 696. Also, in the interest of expediting decision or for other good cause, this court may suspend the requirements or provisions of any of the rules on the application of a party or on its own motion and may order proceedings in accordance with its direction. Practice Book § 762.

Although these remedies have been available to the state and to each of the defendants, it was not until this late date in the court year and on the eve of the court's adjournment for the summer recess that the state has sought the benefit of the provisions of § 762 of the Practice Book. We also note that although Holup did file a motion under Practice Book § 696, which was denied, he never sought the benefit of the provisions of § 762, and that although Ralls did file a motion seeking permission to file typewritten briefs, which was denied, he never sought the benefit of § 696 or of § 762 specifically. Notwithstanding the availability of full relief under these sections, they then chose to proceed by way of writs of habeas corpus in the federal District Court, which has, nonetheless, assumed jurisdiction.

Since the appeal in each case is properly pending in this court and it appears that the motions to expedite the appeal have been properly filed and should be granted, it is ordered as follows:

### In the *Holup* case

The state is directed to file its brief on or before June 21, 1974. This brief may be in typewritten form with copies conforming to the requirements of § 723 of the Practice Book, as amended, to be filed as soon as is reasonably practicable. This case is assigned for oral argument in the Supreme Court at 10 a.m., Tuesday, June 25, 1974.

### In the *Ralls* case

The requirements of chapters 28, 33 and 34 of the Practice Book are suspended insofar as they relate respectively to extensions of time for filing briefs, assignment of cases for hearing, and the printing and filing of briefs and appendices.

The defendant is directed to file copies of his brief and appendix on or before July 25, 1974. The state is directed to file copies of its brief and appendix on or before September 10, 1974. Any reply brief of the defendant shall be filed on or before September 18, 1974.

The dates fixed for the filing of briefs have been set with full consideration of the fact that the printed record runs to 275 pages and the defendant has assigned error to 63 paragraphs of the court's finding. No extension of time will be granted except for

the most cogent reasons. Oral argument will be heard during the October term of the Supreme Court.

In the event that any brief conforming to the requirements of § 723 of the Practice Book, as amended, cannot be filed by the assigned date, typewritten briefs may be filed in lieu thereof with copies conforming to the provisions of § 723, as amended, to be filed as soon thereafter as is reasonably practicable.