STATE OF CONNECTICUT *v.* AEDAN MCCARTHY ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 6, 1974—decision released January 14, 1975

*Ira B. Grudberg,* for the appellant (named defendant).

*Alfonse C. Fasano,* with whom was *Roland D. Fasano,* for the appellant (defendant John Reid).

*W. Paul Flynn,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

LOISELLE, J. Sometime between 6:20 p.m. on July 2, 1960, and 7:40 a.m. on July 4, 1960, thieves broke into a clothing store on Boston Post Road in Orange and absconded with money from a cash register and a safe. In connection with this crime, the defendants Aedan McCarthy and John Reid were charged as second offenders with conspiracy to break and enter, tried by a jury of twelve and convicted on these charges in the Superior Court in New Haven County. On February 10, 1961, the defendants were sentenced for a term of not less than four years and not more than twelve years in the Connecticut state prison. No appeal was taken at that time.

On September 22, 1965, on a petition for a writ of habeas corpus, the Superior Court in Hartford County ordered that the defendants be given a reasonable time in which to perfect an appeal from the 1961 conviction. McCarthy's appeal was filed on October 20, 1965; Reid's on November 5, 1965. Subsequently, the defendants were released on appeal bonds. After numerous extensions of time

to file papers had been granted to the parties pursuant to § 665 of the Practice Book, as amended,[1] the record was finally distributed on January 21, 1971. McCarthy and Reid filed their briefs on May 13 and 14, 1971, respectively. The state's brief was not filed until September 26, 1974.

The appeals in *State* v. *Reid* and *State* v. *McCarthy* and a motion by the defendant McCarthy to set aside the judgment were before this court at a full hearing on November 6, 1974. Because of circumstances peculiar to these cases, this court has decided, under its inherent supervisory power, to dispose of these matters under § 696 of the

---

[1] "[Practice Book] Sec. 665. EXTENSIONS OF TIME   The judge who tried the case, or the court in which it was tried, may, for good cause shown, extend the time provided for filing the appeal or filing any paper or taking any other steps necessary to perfect the appeal, except as otherwise provided in these rules. Such extensions shall only be granted upon a written motion filed in quadruplicate with the clerk of the court wherein the case was tried. The clerk shall forward one copy to the judge who heard the case, one to opposing counsel, and, where the motion is for an extension of time to file briefs under Sec. 724, one to the reporter of judicial decisions. No such motion shall be granted until the expiration of five days after it has been filed, and if during that period an adverse party notifies the judge that he desires to be heard, it shall be granted only after hearing upon due notice to the parties, provided, if the adverse party endorses his consent on the motion, it may be immediately granted. The receipt of any such motion and the ruling of the judge thereon shall be noted on the docket. The time for filing a notice of intention to appeal may not be extended. No extension of time for the filing of the appeal, the filing of briefs, the giving of security for costs, or the payment of the entry or record fee, shall be granted unless the original motion for extension is filed before the time for taking the appeal or filing the notice of intention to appeal or filing the briefs, as the case may be, has expired and any subsequent motion is filed before the expiration of any previous extension. Extensions of time for filing motions in this court and for filing pleadings to such motions may be granted in accordance with Sec. 687."

Practice Book, as amended.[2] It is, therefore, unnecessary to discuss the issues raised and heard on appeal.

There has been an unreasonable delay in the preparation of these appeals. While all parties may have been dilatory in the preparation of the record,[3] it is clear that the state has unreasonably delayed this appeal by taking over three years to file its briefs. Those briefs which became due on June 13 and 14, 1971,[4] were not filed until September 26, 1974. During this period of delay the state

---

[2] "[Practice Book] Sec. 696. LACK OF DILIGENCE IN PROSECUTING OR DEFENDING APPEAL If a party shall fail to prosecute an appeal with proper diligence, this court may, on motion by any other party to the appeal or of its own motion, dismiss the appeal with costs. If a party shall fail to defend against an appeal with proper diligence, this court may, on motion by any other party to the appeal or of its own motion, set aside in whole or in part the judgment under attack, with costs, and direct the entry of an appropriate final judgment by the trial court against the party guilty of the failure. If that party is a defendant in the action, the directed judgment may be in the nature of a judgment by default for such amount as may, upon a hearing in damages, be found to be due. If that party is a plaintiff in the action, the directed judgment may be one dismissing the action as to him, and said judgment shall operate as an adjudication upon the merits. The statutory provisions regarding the opening of judgments of nonsuit and by default shall not apply to a judgment directed under the provisions of this rule."

[3] The fact that the parties requested and were granted extensions of time to file papers by the trial court under § 665 of the Practice Book, as amended, does not necessarily indicate that the appeal has been diligently prosecuted. On the contrary, as stated in *Chanosky v. City Building Supply Co.*, 152 Conn. 449, 451–52, 208 A.2d 337, "a series of such extensions may be cogent, and indeed the only necessary, evidence of a lack of proper diligence. . . . An important element . . . is the number, extent and merit of the extensions of time obtained for taking various steps in the appeal, either with or without the consent of opposing counsel."

[4] "[Practice Book] Sec. 724. FILING AND DISTRIBUTING BRIEFS . . . The appellee shall file his brief within thirty days after the filing of the appellant's brief . . . ."

failed to file any timely motions for extensions of time. Moreover, the defendants failed to avail themselves of the relief afforded to a party when the other party to an appeal fails to prosecute or defend that appeal with proper diligence by moving to dismiss the appeal or set aside the judgment. Practice Book § 696, as amended.

Under such circumstances, this court will make its own determination whether, from the time an appeal is filed, it is being prosecuted or defended with proper diligence. See *Greene* v. *Cavedon,* 161 Conn. 593, 281 A.2d 824; *Wells* v. *Wells,* 151 Conn. 728, 197 A.2d 943; *Tuozzolo* v. *Zoning Board of Appeals,* 151 Conn. 727, 197 A.2d 942 (appeals dismissed suo motu); *State* v. *Stanley,* 157 Conn. 625, 250 A.2d 326; *State* v. *Fenster,* 151 Conn. 729, 197 A.2d 944 (criminal convictions set aside suo motu).

Thus, on February 5, 1974, this court, on its own motion pursuant to § 696 of the Practice Book, as amended, called and heard the parties on the question of their lack of diligence. Our motion apparently provided the impetus for a § 696 motion by the defendant Reid, filed on March 14, 1974, requesting that the judgment be set aside and that the rendition of a judgment of not guilty be directed for the defendant. On April 2, 1974, Reid's motion was granted unless the state file its brief on or before June 3, 1974. *State* v. *Reid,* 166 Conn. 672, 317 A.2d 153. Our action also spurred the defendant McCarthy to file a § 696 motion on October 16, 1974, to set aside the judgment and render a judgment of not guilty. That motion was assigned for hearing on the November assignment list at the same time as the hearing on the merits of the

appeal was assigned. On November 6, 1974, this court heard counsel on the § 696 motion of the defendant McCarthy, reserved decision on that motion, and then proceeded to hear arguments on the appeal itself. Counsel were informed that in the event it were decided to grant the § 696 motion and dismiss the appeal this court would, of course, not render a decision on the dismissed appeal; but, in the event the § 696 motion were denied, we would then consider the merits of the appeal.

It is a basic premise that the supervision and control of proceedings on appeal is in the Supreme Court from the time the appeal is filed; Practice Book § 692; *Davis* v. *P. Gambardella & Son Cheese Corporation,* 147 Conn. 365, 368 n.1, 161 A.2d 583; and that this court has the inherent power to provide for the imposition of reasonable sanctions to compel the observance of its rules which enable the orderly and expeditious processing of appeals. *LaReau* v. *Reincke,* 158 Conn. 486, 264 A.2d 576. It cannot be overemphasized that " '[t]he work of this court is not expedited if counsel are permitted to dally for the purpose of bargaining with the opposition, for personal convenience or because other cases in hand are deemed by them to deserve preferential treatment.' . . . *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, . . . 452, 208 A.2d 337." *State* v. *Holup,* 166 Conn. 471, 352 A.2d 275.

Accordingly, in *State* v. *McCarthy,* this court grants the defendant's motion, which was heard on November 6, 1974, under § 696 of the Practice Book. It appearing that the state has failed to defend with proper diligence against the defendant's appeal from the judgment of the Superior Court

finding the defendant guilty, it is ordered that the judgment of the trial court be set aside and the case remanded with direction to render judgment of not guilty. The appeal is dismissed.

In *State* v. *Reid*, it appearing that the state failed to file its brief on or before June 3, 1974, the defendant's motion to set aside the judgment and render judgment of not guilty has been granted under this court's order of April 2, 1974, and the appeal heard on November 6, 1974, is dismissed.

In this opinion the other judges concurred.