THE STATE *vs.* JOHN J. CLERKIN.

New Haven and Fairfield Dist., Oct. T., 1889.   ANDREWS, C. J., CARPEN-
TER, BEARDSLEY, PRENTICE and J. M. HALL, Js.

> Gen. Statutes, § 1637, provides that appeals from the rulings and decisions
> of the Superior Court upon all questions of law arising on the trial of
> criminal cases may be taken by the State, in the same manner and to
> the same effect as if made by the accused.  Held that the right of ap-
> peal here given is not limited to errors committed during the trial, in
> the strict sense of that term, but extends to errors in any earlier part
> of the proceeding which could in ordinary cases be reviewed upon error.
> Gen. Statutes, § 1583, provides that any agent of a public community who
> shall, with intent to prejudice it, appropriate its property to the use of
> any person, or make upon its books any false entry, or aid in procuring
> to be allowed any fraudulent claim, shall be fined, etc.   Under a vote
> of a town authorizing the selectmen "to employ such assistance for
> the office of the town agent as in their judgment might be necessary,"
> the selectmen employed the defendant to assist in the care of the pau-
> pers of the town and to aid in making disbursements for their relief,
> and to make on the books of the town proper entries concerning them.
> Upon an information charging that the defendant, while so employed
> at the cost of the town, did as agent of the town aid in procuring fraud-
> ulent claims to be allowed, and did other fraudulent acts specified in the
> statute, it was held, upon a demurrer to the information, that the de-
> fendant was in such employment an agent of the town, and as such
> liable to prosecution under the statute.

[Argued October 25th—decided October 30th, 1889.]

INFORMATION charging the defendant, as agent of the
town of New Haven, with certain fraudulent acts, under
Gen. Statutes, § 1583; brought to the City Court of the
city of New Haven.   The defendant was bound over to the
Superior Court, in which court the defendant demurred to
the information.   Demurrer sustained (*Torrance, J.,*) and
defendant discharged.   Appeal by the State for error in the

decision of the court on the demurrer, under Gen. Statutes, § 1637. The case is fully stated in the opinion.

*J. W. Alling*, for the State.

*W. B. Stoddard* and *J. P. Pigott*, for the defendant.

PRENTICE, J. The defendant was arraigned upon a complaint which alleged that he was " an agent of the town of New Haven, employed by the selectmen of said town at its cost and charges, under special authority of said town conferred by certain votes of annual town meetings of said town duly warned and held for that purpose, * * * which votes were alike in form and a copy thereof is as follows : ' *Voted,* that the selectmen be and are hereby authorized to employ such assistance for the office of the town agent as in their judgment may be necessary, and to fix the amount of compensation for the same ; ' that the said Clerkin was so employed to assist said selectmen in the care of the paupers of said town, and more especially to aid said selectmen in making disbursements of money for the relief of the paupers of said town, and to make on the books and accounts and papers of said town the proper entries concerning the paupers of said town, and prepare the necessary orders on the treasurer of said town for the money so to be disbursed for the relief of said paupers." The complaint then charged that while he was so acting and in the performance of his duties in said capacity, he misappropriated sundry sums of money belonging to the town, made false entries upon its books, drew certain orders upon its treasury with intent to prejudice it, and aided to be allowed fraudulent claims against it, in the manner specifically set out in the twelve counts of the complaint.

To this complaint the defendant demurred, and for his substantial ground of demurrer assigned the following :— " because it appears that every overt act alleged to have been done by the defendant was done in his capacity as clerk and

employee of the board of selectmen of said New Haven, and not as agent or officer of said town."

The court below sustained the demurrer, and ordered the prisoner discharged. The State appealed.

The defendant moves to erase the case from the docket of this court, claiming that the statute authorizing appeals by the State in criminal cases does not extend the right of such appeal to errors in proceedings upon demurrer, but is limited to errors committed by the court after the jury has been impaneled, or at least after the prisoner has been put to plea.

The statute in question (Gen. Statutes, § 1637,) reads as follows :—" Appeals from the rulings and decisions of the Superior Court * * * upon all questions of law arising on the trial of criminal cases, may be taken by the State * * * in the same manner and to the same effect as if made by the accused." The words " *arising on the trial* " are relied upon by the defense as limiting the right of appeal as stated.

An examination of the history and judicial construction of our statutes substituting appeals for former modes of relief, shows the fallacy of this claim. The original act (Session Laws of 1882, p. 144,) reads as follows :—" All questions of law arising on the trial of any cause or action, civil or criminal, * * * which may now be carried to the Superior Court or the Supreme Court of Errors for revision by motion for a new trial, either for errors of a judge or verdict against evidence or for any other cause whatever, or by motion in error, shall hereafter be removed to such higher court by an appeal from the judgment of the court where such cause or action was tried, and no motions for new trials or motions in error shall hereafter be allowed ; but this act shall not affect writs of error or petitions for new trials."

Here the intention is unmistakable that by " questions of law arising on the trial " is meant all questions which could theretofore have been reviewed, either upon motions in error or motions for a new trial, and such has been the interpretation of the act by this court. *Schlesinger* v. *Chapman,* 52 Conn., 272 ; *Brewster* v. *Cowen,* 55 id., 152.

It will be noticed in a study of this act that the words and

phrases which so plainly indicate the intent are not so used as to enlarge or amplify the words descriptive of the appealable questions. Whatever questions are made subjects of appeal are so because they come within the meaning of the descriptive words " questions of law arising on the trial."

We might well here rest upon judicial construction, but it is interesting to follow further the history of these statutes and to gather their intent thus so plainly indicated, and to note to what strange conclusions the interpretation asked by the defendant would lead us. The provision regulating appeals in civil actions as it now appears in the revision (Gen. Statutes, § 1129,) authorizes them whenever " either party thinks himself aggrieved by the decision of the court upon any question or questions of law arising in the trial." If the defendant's construction is the proper one, then clearly the rights of appeal in civil actions must be held to be restricted to those questions arising after an issue of fact has been joined and " the trial " (using that word in the sense contended for by the defendant,) begun. The argument made in behalf of the motion to erase leads inevitably to that conclusion. In justifying such a conclusion we should be obliged not only to override the former decisions hereinbefore referred to, but to revolutionize the practice of our courts and throw into wildest confusion the methods of revision of a large class of questions arising in the trial of causes.

It is suggested that the language of section 1635, which is that any defendant aggrieved by any decision arising " upon the trial thereof or by any error apparent upon the record of such prosecution, may be relieved by appeal, petition for new trial, or writ of error, in the same manner," &c., indicates that the legislature had in mind a distinction of the nature claimed by the defendant. We fail to appreciate the force of this argument. Evidently the words, "or by any error apparent upon the record," have their office and significance with reference to the reservation of the right of writ of error which the section makes and not to the right of appeal.

State *v.* Clerkin.

Without further discussion of the statutes we will only add that we are clearly of the opinion that the true intent and meaning of our statutes governing appeals is to make the right of appeal in both civil and criminal cases, and as to all parties, whether private litigants, accused persons under prosecution, or the State itself, co-extensive, and so comprehensive as to embrace all matters which could have formerly been reviewed either upon motions in error, writs of error or motions for a new trial.

The appeal presents the simple question as to whether or not the defendant was, under the allegations of the complaint, an officer or agent of the town of New Haven within the meaning of section 1583 of the statutes.

Omitting any reference to the effect of the distinct allegation in the complaint of an agency, and confining our consideration to the particular facts alleged to establish and define the relations of the parties, we notice that the defendant was employed by direct authority of the town, that he was paid by the town, and that his duties appertained to the concerns of the town as such. His duties related to the care of the poor of the town and to the distribution of the funds of the town for that purpose. While so acting he was aiding the town in the performance of a duty which is cast upon it in its corporate capacity (Gen. Statutes, § 3295,) and of which the selectmen are made superintendents and overseers (Gen. Statutes, §§ 64, 3299.) The selectmen were intermediaries between him and the town and had the power of supervision and direction over him. But he was nevertheless acting for the public weal. He was assisting the town in the discharge of its public duty. Did similar relations exist between one individual and another or a private corporation, there would be slender ground for claiming that there was not an agency thus created. It would matter not that the agency was not of the first degree, for a sub-agent may be as readily and certainly the agent of the ultimate principal as of his immediate superior. We fail to see how the situation is changed by a substitution of a public corporation for a merely private one. The tests of the relation-

State *v.* Clerkin.

ship must remain the same, unless perchance there be some legal obstacle to the existence of an agency relation growing out of the nature and powers of public corporations.

In the brief of the defendant it is suggested that such an obstacle exists, either in the want of power in the town to authorize the employment, by or under the supervision of the selectmen, of a subordinate to assist in the care of the poor, or in the inability of the selectmen to delegate that which was within the scope of Clerkin's duties. By statute the duty of caring for the poor is cast upon the town. This obligation necessarily carries with it rights and powers commensurate with its proper performance. The town therefore in its adoption of reasonable ways and means to execute its legally appointed duty in caring for its poor, was not thrown upon the exercise of inherent powers, but was availing itself of powers granted by necessary implication.

Selectmen are made the superintendents of the concerns of the town and the overseers of its poor. Whatever may be said of the nature of their duties in certain features of them, we see no reason why the functions of Clerkin, as they appear in the complaint, being purely ministerial, could not have been lawfully exercised by him.

It is urged by counsel for the defense that the term "agent" should in its application be restricted to embrace only those agencies which are specifically recognized by statute, and we are asked to hold that as certain statutory agents, such as agents of town deposit funds, town agents, etc., are expressly authorized, none other should be included within the appellation. We fail to appreciate the force of this argument of exclusion.

It is also urged that, as the legislature has in one section of the statutes (§ 1584,) provided for the punishment of an agent of an agent, it follows that in the phraseology of our statutes only agents in the first degree are intended to be embraced within the general term. An examination of this section discloses its evident purpose, and when its language is viewed in the light of this purpose, it will not be found to

be inharmonious with the construction we place upon the word "agent."

We find therefore that the defendant's employment was within the natural and ordinary meaning of the letter of the statute. That it was within its spirit is manifest. Such being the case, we know of no rule of construction which requires us in violation of the spirit to restrict the letter from its ordinary meaning to the narrowest of which it is capable.

There is error in the judgment complained of.

In this opinion the other judges concurred.