### State of Connecticut v. Gary Audet

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Submitted November 7, 1975—decision released March 16, 1976

Argued December 2, 1975—decision released March 16, 1976

*Walter H. Scanlon,* assistant state's attorney, for the appellant (state).

*John P. McKeon,* for the appellee (defendant).

Per Curiam. The information in this case charged the defendant with one count of manslaughter in the first degree and four counts of assault in the first degree. The state's brief claims that evidence was produced in the course of the trial that the defendant and a friend went to a restaurant where an argument ensued with another. The defendant left the restaurant, went to his motor vehicle for a loaded revolver, returned to the restaurant and fired six shots. One of the shots hit a girl, killing her, and four of the remaining shots wounded four other people, one of whom lost his right leg as a result of injuries suffered by that wound. The defendant's brief does not allude to any evidence presented but is limited to arguments of law.

After a jury had found the defendant guilty of manslaughter in the second degree and reported

that it could not agree on four counts of assault in the first degree, the court dismissed the latter four counts. The court denied the state permission to appeal the dismissal of the four counts. The state, without the court's permission, has appealed the dismissal of these four counts. The defendant has moved for dismissal for lack of jurisdiction. If the defendant's motion is granted then the state requests consideration of its motion for review of the court's order denying the state permission to appeal.

There is no finding. The matter involved, however, does not relate to facts which were at issue during the course of the trial but to the doings of the court after the trial and prior to sentencing. Consequently, resort may be made to the transcript of the proceedings at the time of dismissal. When the case came up for sentencing, the court inquired about the state's plan as to "those four other charges." The assistant state's attorney replied, "We will proceed to trial on them." The court then stated, "Well, the reason I asked the question is this. I heard this case for several weeks. The penalty that I might impose today will be a penalty which would involve the whole situation. But if there [are] going to be four more charges retried then the penalty might vary. . . . Am I to assess the whole episode of five shootings today or am I to assess only one episode of shooting?" The assistant state's attorney: "I would think you would have to assess the episode of the young girl being shot and killed. And that is, I think, the whole thing before the court." The court: "It was all one matter of moment. I think you should confer with counsel as to what I should do, take in the whole situation or just one small aspect of it?"

After a recess and upon reconvening there was further colloquy between the court and counsel as to the court considering "the whole picture in sentencing." The matter of dismissing the four pending counts was brought up by defense counsel and there was some discussion off the record. A motion was then made to dismiss the four remaining counts by virtue of the "broad powers under § 54-56 of the Connecticut General Statutes." After some colloquy the court stated: "Section 54-56 gives the court power to dismiss any information if there is not sufficient evidence or cause to justify the bringing of the person to trial. Which brings me to this question, Mr. McKeon. If I should dismiss these other four counts and if you should take an appeal on the manslaughter count and win the appeal, that would be unfair to the state, wouldn't it? . . . I would not dismiss the other four counts and leave the first count subject to reversal, leaving the whole thing washed out."

After another recess the case came up again, the state asked for a continuance and the defendant protested. The court asked counsel for the defendant "whether or not the finding of guilty of manslaughter in the second degree is to be considered a final verdict or is to be appealed?" Both counsel and accused told the court there would be no appeal from the sentencing on the manslaughter charge. Thereafter the court stated that as there was a leeway of up to ten years under the finding of manslaughter in the second degree and that it would "assess the whole case in passing sentence," the motion to dismiss the four counts pending was granted.

The assistant state's attorney expressed his fears that the sentence would be tainted by the court's

consideration of the charges which the jury could not agree on. Defense counsel and the accused stated they would not instigate any writ of habeas corpus. The court then stated, "Let me make it very clear that no commitment has been made. I will listen to counsel on argument as to sentence. And he has not been found guilty of these other four charges, although the total events of that evening certainly have been engraved upon my mind. And so I will have to assess the whole picture when I pass sentence."

The state then asked for permission under General Statutes § 54-96 to appeal the ruling on the defendant's motion to dismiss the four counts on which the jury had been unable to reach agreement. The court denied permission to appeal. Section 54-96 provides: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court, in the same manner and to the same effect as if made by the accused." The right of appeal by the state in criminal matters was created by legislative enactment in 1886. 1886 Public Acts, c. 15. As we noted in *State* v. *Carabetta,* 106 Conn. 114, 119, 137 A. 394: " 'Statutes authorizing an appeal in a criminal case must be strictly followed.' 17 Corpus Juris, 14; *State* v. *Caplan,* 85 Conn. 618, 84 Atl. 280." The conditions of the statute must therefore be met to have a valid appeal.

The "rulings and decisions" appealable under § 54-96 include any proceeding from which either a criminal defendant or a party to a civil trial could appeal. *State* v. *Clerkin,* 58 Conn. 98, 101–102, 19 A. 517. In *State* v. *Villafane,* 164 Conn. 637, 325 A.2d

251, the state appealed, with permission, from the court's actions on a plea in abatement and a motion to quash. In *State* v. *LaSelva,* 163 Conn. 229, 303 A.2d 721, the state appealed, with permission, when the trial court sustained the defendant's demurrer. It follows that an order granting a motion to dismiss would be within the provisions of § 54-96.

Permission to appeal, as required by § 54-96, was not granted to the state. Since this condition for appeal is not present, there is no valid appeal. See *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 293, 320 A.2d 797; *State* v. *Lee,* 65 Conn. 265, 282, 30 A. 1110.

The state maintains that § 54-96 is unconstitutional because it violates the separation of powers doctrine of the Connecticut constitution. It cites *State* v. *Clemente,* 166 Conn. 501, 353 A.2d 723, and *Szarwak* v. *Warden,* 167 Conn. 10, 355 A.2d 49, as support for its position. *Szarwak* dealt with a jurisdictional grant of the legislature to the derogation of the constitutional jurisdiction of the Superior Court. The principle stated was that the legislature may not, in its grant of jurisdiction to a lower court, detract from the essential constitutional characteristics of the Superior Court. *Szarwak* v. *Warden,* supra, 40. In *Clemente,* a functional test was used to determine the constitutionality of a criminal discovery statute. The question was whether the statute interfered with the orderly performance by the Superior Court of its judicial functions. *State* v. *Clemente,* supra.

The right of appeal is purely statutory.[1] It is accorded only if the conditions fixed by statute and

[1] The state may use the writ of error in a criminal case as a matter of right but it only applies for those claimed errors on the face of the record. *State* v. *Muolo,* 118 Conn. 373, 383, 172 A. 875.

the rules of court for taking and prosecuting the appeal are met. *State* v. *Brown,* 157 Conn. 398, 400, 254 A.2d 570; *Kennedy* v. *Walker,* 135 Conn. 262, 266, 63 A.2d 589, aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715. This proposition is embedded in the court's history. See, e.g., *Prevedini* v. *Mobil Oil Corporation,* supra, 293; *Fidelity Trust Co.* v. *Lamb,* 164 Conn. 126, 134, 318 A.2d 109; *Etchells* v. *Wainwright,* 76 Conn. 534, 538, 57 A. 121. "The right to an appeal is not a constitutional one, nor one based upon principles of natural justice. It is but a statutory privilege which an aggrieved party has the right to avail himself of only when he has strictly complied with the provisions of the statutes and rules upon which the privilege is granted." *Bronson* v. *Mechanics Bank,* 83 Conn. 128, 133, 75 A. 709. Section 54-96 neither detracts from the essential constitutional characteristics of this court or of the Superior Court nor interferes with the performance of the duties of either court. A statute cannot be ruled unconstitutional unless its invalidity is established beyond a reasonable doubt. *Kellems* v. *Brown,* 163 Conn. 478, 486, 313 A.2d 53, appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678; *Patterson* v. *Dempsey,* 152 Conn. 431, 445, 207 A.2d 739. The state has not sustained its burden of establishing the invalidity of § 54-96.

The state has also filed a motion to review the order denying its motion for permission to appeal pursuant to Practice Book § 694[2] and under the authority of *State* v. *Berry,* 156 Conn. 651, 240 A.2d 97.

---

[2] "[Practice Book] Sec. 694. [MOTION FOR REVIEW]—IN GENERAL This court may, on written motion for review stating the grounds for the relief sought, modify or vacate any order made by the trial court in relation to . . . the procedure of prosecuting or defending against the appeal . . . ."

Practice Book § 694 becomes effective only after a valid appeal is taken and therefore does not apply in this instance. Supreme Court rules obtain when there is a valid appeal because the rules regulate, but do not create, appeals.

The state's reliance upon *State* v. *Berry,* supra, is of no aid to its motion. In that case, the trial court granted the state permission to appeal but restricted the scope of appeal. This court removed the restrictions. As permission had been granted and the appeal had been taken in accordance with the statutory authority, an appeal existed so as to give this court the necessary jurisdiction to act as it did.

The action of the trial court, in dismissing the four assault counts after receiving assurances from both defense counsel and the defendant that no appeal would be taken and no habeas corpus proceedings instituted as a result of the court's sentencing on the manslaughter count, which considered the whole episode at the restaurant, is a matter that should be considered. Nevertheless, this court is powerless to consider any appeal by the state involving a review of that action since the General Assembly has explicitly conditioned the taking of such an appeal upon the granting of permission from the same court whose action would be reviewed, and that court has refused to grant such permission.

The motion to dismiss the appeal is granted.

The motion to review the order of the trial court denying the state's motion for permission to appeal is dismissed.