MEMORANDUM OF DECISION RE MOTION FOR PERMISSION TO APPEAL
The state has moved in timely fashion for permission to appeal the court's judgment acquitting the defendant as to counts seven through ten of the information.[1] The court's action in granting a judgment of acquittal is, the prerequisites being met, "an appealable final judgment."State v. Paolella, 210 Conn. 110, 121 (1989). The defendant has filed a written objection to the motion.
The parties through counsel were heard in oral argument, and each has filed a memorandum setting forth respective claims of law.
The right of appeal by the state in criminal matters was created by legislative enactment in 1886. State v. Audet,170 Conn. 337, 340 (1976). Such right exists only with permission of the court and as to questions of law. State v.Falzone, 171 Conn. 417, 418 (1976); Sec. 54-96, Conn. Gen. Stat. As to permission, it is generally considered to be a prerequisite to appeal by the state, and without it there is no viable appeal unless the court's denial thereof is so arbitrary as to constitute an extreme abuse of discretion rendering denial of permission ineffective. State v.Avcollie, 174 Conn. 100, 109, 110 (1977). "Put another way, the jurisdictional predicate for [an] appeal under Sec. 54-96
exists only if [this] court abuse[s] its discretion in denying the state's motion. . . ." State v. S R Sanitation Services,Inc., 202 Conn. 300, 310 (1987).[2]
"Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." State v. Onofrio, 179 Conn. 23, 29
(1979). While it "obviously involves some independence of judgment, . . . [d]iscretion is, in a legal sense, abused when the court exceeds the bounds of reason, all the circumstances before it being considered." State v. Bergin, 214 Conn. 659,683 (1990, Healey, J. diss.). The trial judge's statement of considered reasons for a denial of permission weighs heavily CT Page 4052 in a determination of discretion abuse. State v. S RSanitation Services, Inc., supra, 311.
In reaching its result on the instant motion the court, in the exercise of its discretion, has given due consideration to all material factors, including, of course, the verdict rendered, recognizing its obligation "to play fair with the system." Id., 312. Among such factors is the quality of the state's evidence, including reasonable inferences drawn therefrom, viewed in the light most favorable to the state.[3]
The state's assertion that "the Court predicated its granting of the Motion for Judgment of Acquittal on its ownassessment of the credibility of the evidence" (Mem. of Law, p. 4, underlining added) is wholly inaccurate. It is thejury's assessment of the credibility of the two child-victims, as reflected in its verdict, which must be given weight. In any event, the court's reasons for granting the defendant's motion are set forth in its memorandum of decision, particularly on page 11 thereof, and need not be repeated.
The state's reliance on Sec. 4127(4) of the Practice Book as further basis of appeal is misplaced. The provision is inapposite, and the case does not present "a question of great public importance", as claimed.
Likewise, the state's assertion (p. 4) that failure of a criminal jury to agree on a verdict and subsequent mistrial ordinarily entitle the state to a retrial ignores the effect of a judgment of acquittal, as well as the Supreme Court's pronouncement that "grant of permission [to appeal] is something more than a mere formality. . . ." State v. Carabetta,106 Conn. 114, 118 (1927).
In summary, the court finds that the administration of justice and principles of fair play are best served by ending this controversy. Continued prosecution of the defendant does not "subserve . . . the ends of substantial justice" and, accordingly, the state's motion for permission to appeal is denied.
Gaffney, J.