STATE OF CONNECTICUT *v.* SAMUEL MCMILLAN

Dupont, C. J., and O'Connell, Foti, Lavery, Landau, Heiman, Schaller, Spear and Hennessy, Js.

Considered October 23—officially released December 10, 1996

*Susan C. Marks*, supervisory assistant state's attorney, in support of the motion.

*G. Douglas Nash*, public defender, in opposition to the motion.

FOTI, J. The state has filed a motion for review of the trial court's order denying the state permission to appeal under General Statutes § 54-96.[1] We conclude that the proper means for challenging that order is by direct appeal. We therefore dismiss the state's motion as improper.

The defendant, Samuel McMillan, was taken into custody after a warrantless arrest and then charged with six drug related offenses. The trial court granted the defendant's oral motion to dismiss all charges for lack of probable cause. The state moved for permission to appeal pursuant to § 54-96. The trial court denied the motion and the state filed a motion for review in this court pursuant to Practice Book § 4053.[2]

In opposition to the state's motion for review, the defendant argues that pursuant to *Simms* v. *Warden*,

---

[1] General Statutes § 54-96 provides: "Appeals by the state from superior court in criminal cases. Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused."

[2] Practice Book § 4053 provides in relevant part: "The court may, on written motion for review stating the grounds for the relief sought, modify or vacate any order made by the trial court . . . relating to the . . . procedure of prosecuting or defending against an appeal . . . ."

230 Conn. 608, 646 A.2d 126 (1994) (*Simms II*), the state should have filed an appeal and raised as the first issue whether the trial court improperly denied the state permission to appeal under § 54-96. In *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994) (*Simms I*), and *Simms II*, both of which involved the denial of the same petition for certification to appeal in a habeas proceeding under General Statutes § 52-470 (b), our Supreme Court discussed the denial of a request of the state for permission to appeal under § 54-96. Pursuant to § 54-96, the proper procedure for the state to follow to challenge a trial court's denial of the state's request for permission to appeal is to file an appeal. In discussing the standard of review in such cases, the *Simms I* court noted that "under General Statutes § 54-96 . . . *on appeal*, the issue is whether the record manifests a clear and extreme abuse of discretion or whether injustice appears to have been done. *State* v. *Avcollie*, 174 Conn. 100, 110–11, 384 A.2d 315 (1977); *State* v. *Bergin*, 214 Conn. 657, 660–61, 574 A.2d 164 (1990); *State* v. *S & R Sanitation Services, Inc.*, 202 Conn. 300, 312, 521 A.2d 1017 (1987)." (Emphasis added; internal quotation marks omitted.) *Simms I*, supra, 189. The *Simms II* court reiterated that "[i]n cases arising under § 54-96, we have inquired, *on appeal*, whether the record demonstrates that the denial of permission to the state to appeal constituted a clear and extreme abuse of discretion or resulted in an apparent injustice. *State* v. *Bergin*, supra, [660–61]; *State* v. *S & R Sanitation Services, Inc.*, supra, [311]; *State* v. *Avcollie*, supra, [110–11]." (Emphasis added.) *Simms II*, supra, 615.

In reaching its conclusion that filing an appeal is the proper method for the state to challenge the trial court's denial of permission to appeal under § 54-96, the Supreme Court in *Simms I* and *Simms II* cited, inter alia, its previous decisions of *State* v. *S & R Sanitation*

*Services, Inc.*, supra, 202 Conn. 300, and *State* v. *Avcollie*, supra, 174 Conn. 100. Our review of the procedure followed by the state in those cases further supports our conclusion.

In *State* v. *Avcollie*, supra, 174 Conn. 103, the trial court denied the state permission to appeal and then "rescinded" that order and granted the state permission to appeal. After the state appealed, the defendant moved to dismiss the appeal for, inter alia, lack of subject matter jurisdiction because the trial court originally denied the state permission to appeal. Our Supreme Court concluded that in the original order denying the state permission to appeal, the trial court abused its discretion. Id., 111. The Supreme Court determined that the state properly filed an appeal and approved the procedure of filing of an appeal to seek review of the trial court's decision denying the state permission to appeal. Id., 110–12. "Section 54-96 does not . . . preclude an appeal by the state seeking review of the court's denial of permission to appeal in those unusual cases in which . . . the court's denial was so arbitrary as to constitute an extreme abuse of discretion rendering the denial ineffective. *In such cases the statute's condition requiring the court's permission to appeal cannot serve to insulate a trial court from review by this court; rather, the statute as a whole remains operative to allow appeal by the state.*" (Emphasis added.) Id., 110.[3]

---

[3] The *Avcollie* decision essentially overrules the decision in *State* v. *Audet*, 170 Conn. 337, 365 A.2d 1082 (1976). After the trial court denied the state permission to appeal in *Audet*, the state filed an appeal with our Supreme Court. The state requested that, if the appeal was dismissed, the Supreme Court consider the state's motion for review. In considering the defendant's motion to dismiss the appeal for lack of jurisdiction, the Supreme Court stated: "Statutes authorizing an appeal in a criminal case must be strictly followed. . . . The conditions of [§ 54-96] must therefore be met to have a valid appeal." (Citations omitted; internal quotation marks omitted.) Id., 340. Because the appeal was taken without the requisite trial court permission, the Supreme Court granted the motion to dismiss the appeal. Id., 341.

In both *State* v. *S & R Sanitation Services, Inc.*, supra, 202 Conn. 300, and *State* v. *Bergin*, supra, 214 Conn. 657, after the trial court denied the state permission to appeal, the state filed a motion for review of that decision in this court. Upon consideration of the motion for review, we granted the motion for review and set aside the order denying the state permission to appeal. The state then filed an appeal in this court in both cases, which the Supreme Court transferred to itself. In response to each defendant's argument that the court lacked subject matter jurisdiction because the trial court had denied the state permission to appeal, the Supreme Court reviewed de novo whether the trial court's denial of permission to the state to appeal was an extreme abuse of discretion.

In *S & R Sanitation Services, Inc.*, our Supreme Court reached the opposite conclusion from this court on the motion for review and determined that the trial court did not abuse its discretion in denying the state permission to appeal. The Supreme Court, therefore, dismissed the state's appeal for lack of subject matter jurisdiction. *State* v. *S & R Sanitation Services, Inc.*, supra, 202 Conn. 306–13. In *Bergin*, on the other hand, the Supreme Court, upon de novo review, reached the same conclusion as this court that the trial court had abused its discretion in denying the state permission to appeal. The Supreme Court, therefore, determined that the appeal was properly before it. *State* v. *Bergin*, supra, 214 Conn. 660–63.[4]

The Supreme Court did not discuss the propriety of the state's preappeal motion for review in either case. The court noted in *S & R Sanitation Services, Inc.* that the case reached the Supreme Court "in an unusual

Regarding the motion for review, the Supreme Court concluded that the motion was improper because there was no valid appeal pending. Id., 343.

[4] The state followed the same procedure in *State* v. *Bellamy*, 4 Conn. App. 520, 495 A.2d 724 (1985).

posture." *State* v. *S & R Sanitation Services, Inc.*, supra, 202 Conn. 308. Despite the ambiguity as to the appropriateness of the preappeal motion for review, the Supreme Court in both cases reinforced the premise set forth in *State* v. *Avcollie*, supra, 174 Conn. 100, that the state may appeal where the trial court's denial of permission to appeal was an extreme abuse of discretion. "[W]ithout [the] permission [of the trial court] there is no viable appeal unless the court's denial of permission is so unreasonable as to constitute an abuse of discretion." (Internal quotation marks omitted.) *State* v. *S & R Sanitation Services, Inc.*, supra, 308. "Section 54-96 . . . does not preclude an appeal by the state when the denial [of permission to appeal] was so arbitrary as to constitute an extreme abuse of discretion rendering the denial ineffective. . . . [T]he statute as a whole remains operative to allow appeal by the state." (Internal quotation marks omitted.) *State* v. *Bergin*, supra, 214 Conn. 660.

The proper procedure for the state to follow when it has been denied permission to appeal under § 54-96 is to file a direct appeal. *Simms II*, supra, 230 Conn. 608; *Simms I*, supra, 229 Conn. 178; *State* v. *Bergin*, supra, 214 Conn. 657; *State* v. *S & R Sanitation Services, Inc.*, supra, 202 Conn. 300; *State* v. *Avcollie*, supra, 174 Conn. 100. In keeping with this precedent, the state in this case should have filed a direct appeal rather than a motion for review.

The state's motion for review is dismissed as improper. We sua sponte grant the state permission to file a late appeal within twenty days of the issuance of notice of this decision, and direct the state, if an appeal is filed, to raise as the first issue whether the trial court improperly denied the state permission to appeal under § 54-96.

In this opinion the other judges concurred.