## STATE OF CONNECTICUT *v.* ANONYMOUS*
## (AC 18026)

O'Connell, C. J., and Hennessy and Daly, Js.

Argued February 26—officially released October 12, 1999

*Richard F. Jacobson*, supervisory assistant state's attorney, with whom, on the brief, was *Stephen J. Sedensky III*, assistant state's attorney, for the appellant (state).

*Richard E. Condon, Jr.*, deputy assistant public defender, for the appellee (defendant).

*Opinion*

HENNESSY, J. The state appeals from the decision of the trial court denying the state's motion to videotape

---

* Thus titled in accordance with the spirit and intent of General Statutes § 54-142a.

the testimony of the child victim pursuant to General Statutes § 54-86g (a). The defendant contends that this court lacks subject matter jurisdiction over the state's appeal because the state does not have the trial court's permission to appeal and does not challenge that court's denial of the state's request for permission to appeal. We agree.

The following facts and procedural history are relevant to the disposition of this appeal. The defendant was charged with sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and risk of injury to a child in violation of General Statutes § 53-21. Before jury selection began, the state moved to videotape the testimony of the child victim pursuant to § 54-86g (a). After hearing arguments, the trial court denied the motion to videotape. The state then moved to dismiss the charges and the court granted the motion. Thereafter, the state requested permission pursuant to General Statutes § 54-96 to appeal from the denial of the motion to videotape the child's testimony. The trial court denied that request.[1]

The state appeals to this court claiming *only* that the trial court abused its discretion in denying its motion to videotape the child victim's testimony. The defendant responds that this court lacks subject matter jurisdiction to hear this appeal because the state does not have permission from the trial court to appeal, as required by § 54-96, and does not challenge that court's denial of the state's request for permission to appeal.

"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . The objection of

[1] When the state asked for permission to appeal from the trial court's denial of its motion to videotape the child victim's testimony, the court replied, "No. It is a clear issue. There is no significant claim [other than] that it should have been granted by the court. It is smoke and mirrors. If you want to take the appeal, you go up to the Supreme Court and find out [if] it is in the public's interest that it be decided."

want of [subject matter] jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . . If at any point, it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." (Internal quotation marks omitted.) *State* v. *Anonymous*, 240 Conn. 708, 718, 694 A.2d 766 (1997).

General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the Superior Court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, *with the permission of the presiding judge*, to the Supreme Court or to the Appellate Court, in the same manner and to the same effect as if made by the accused." (Emphasis added.) "Under § 54-96, we have held permission to appeal to be jurisdictional because, at common law, the state had no right to appeal in criminal cases." *Simms* v. *Warden*, 230 Conn. 608, 614, 646 A.2d 126 (1994).

"As a general proposition General Statutes § 54-96 authorizes the state to appeal questions of law in a criminal case only if the trial court grants permission to appeal. Section 54-96, however, does not preclude an appeal by the state when the denial [of permission to appeal] was so arbitrary as to constitute an extreme abuse of discretion rendering the denial ineffective. In such cases the statute's condition requiring the court's permission to appeal cannot serve to insulate a trial court from review by this court; rather, the statute as a whole remains operative to allow appeal by the state. . . . Although we accord great deference to the trial court's discretionary rulings on these matters, that does not mean that its decision is shielded from our scrutiny." (Citation omitted; internal quotation marks omit-

ted.) *State* v. *Bergin,* 214 Conn. 657, 660–61, 574 A.2d 164 (1990). "The proper procedure for the state to follow when it has been denied permission to appeal under § 54-96 is to file a direct appeal." *State* v. *McMillan,* 43 Conn. App. 698, 703, 685 A.2d 1138 (1996) (en banc), citing *Simms* v. *Warden,* supra, 230 Conn. 608.

In this case, the state filed a direct appeal, but it does not challenge the trial court's denial of permission to appeal. The state does not argue that the court's denial of permission to appeal was so arbitrary as to constitute an extreme abuse of discretion thereby rendering the denial ineffective. The state's only claim is that the court abused its discretion in denying its motion to videotape the child victim's testimony. We conclude that in the absence of either permission to appeal or a challenge to the trial court's denial of permission to appeal, this court lacks subject matter jurisdiction to hear this appeal pursuant to § 54-96.

The state presumes that it was given permission to appeal and raises a claim on the merits of the denial of the motion to videotape. We note, however, that in direct response to the state's request for permission to appeal, the trial judge responded, "No." The state argues that when the trial judge stated, "[Y]ou go up to the Supreme Court and find out [if] it is in the public's interest that it be decided," after denying permission to appeal, the trial judge was giving permission to appeal under § 54-96. We disagree.

The trial judge unequivocally answered, "No," to the state's request for permission to appeal. In addition, on its appeal form, where the state is asked to provide the name of the judge granting permission to appeal and the date of the order, the state wrote, "*Ford, J.* (Denied permission to Appeal–January 28, 1998)." The state admittedly was aware of the trial court's denial of permission to appeal. Under these circumstances, we con-

clude that the trial court denied the state permission to appeal.[2]

Because we conclude that the trial court denied the state permission to appeal and the state has not challenged that decision on appeal, this court is without subject matter jurisdiction. As such, we are required to dismiss this appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[2] In addition, we find persuasive the defendant's argument that the trial judge was denying the state permission to appeal pursuant to § 54-96 and directing the state to appeal pursuant to General Statutes § 52-265a. Section 52-265a (a).provides in relevant part that "any party to an action who is aggrieved by an order or decision of the Superior Court in an action which involves a matter of substantial public interest and in which delay may work a substantial injustice, may appeal under this section from the order or decision to the Supreme Court within two weeks from the date of the issuance of the order or decision. . . . " The state, however, chose not to appeal pursuant to § 52-265a.