[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 30, 2000, the state filed a timely motion for permission to appeal pursuant to General Statutes § 54-96. After oral argument on the issue, the Court denied the state's motion. This memorandum is an articulation of the Court's reasons for the denial of the state's motion.
"The right to an appeal is not a constitutional one. . . . There is . . . no common law right of appeal by the state in criminal matters. . . . The right of the state to appeal in criminal cases is granted only by statute. . . . As [the Supreme Court] noted inState v. Carabetta, [106 Conn. 114, 119,137 A. 394 (1927)]: Statutes authorizing an appeal in a criminal case must be strictly followed. . . . The conditions of the statute must therefore be met to have a valid appeal. . . . The right of appeal is purely statutory. It is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met." (Citations omitted; internal quotation marks omitted.) Statev. SR Sanitation Services, Inc., 202 Conn. 300, 307, 521 A.2d 1017
(1987); see also State v. McMillan, 51 Conn. App. 676, 679-80,725 A.2d 342, cert. denied, 248 Conn. 911, 732 A.2d 179 (1999).
Section 54-96 authorizes the state to appeal questions of law in criminal cases only if the trial court grants permission to appeal. SeeState v. Anonymous, 55 Conn. App. 250, 252, 739 A.2d 298 (1999).[1]
"The provision that permission from the trial judge be obtained was a limitation on the right of appeal granted the state. This condition is generally considered to be a prerequisite to appeal by the state. . . . However, as the dominant intention of the legislature was to extend the right of appeal to the state, the limitation placed upon that right is one which must be so exercised as to avoid abuse and unreasonable consequences. . . . The court's granting or denial of the state's motion to appeal constitutes a `judicial determination' within the court's CT Page 8226 discretion." (Citations omitted.) State v. Avcollie, 174 Conn. 100,109-10, 384 A.2d 315 (1977). Indeed, "[t]he term `permission' as used in § 54-96 needs no judicial gloss to demonstrate that it means the obtaining of consent and authority of the court; no automatic right to appeal is conferred upon the state. The statutory language unmistakably confers upon the trial court the choice of granting or withholding the appeal privilege depending upon the circumstances of each case. It is apparent from the permissive language of the statute that the legislature did not intend that permission to appeal be granted in every case in which it is sought." (Emphasis in original.) State v. SR SanitationServices, Inc., supra, 202 Conn. 308. Moreover, "[d]iscretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." Ramos v. Commissioner of Correction, 248 Conn. 52,64, 727 A.2d 213 (1999).
The trial court's denial of the state's request for permission to appeal will be overturned only if it was so arbitrary as to constitute an extreme abuse of discretion rendering the denial ineffective. See Statev. Anonymous, supra, 55 Conn. App. 252.
The record in this case reflects that the defendant, Russell Peeler, was convicted, inter alia, of two counts of capital felony. At the close of evidence in the penalty phase of the trial, the Court submitted a special verdict form with four questions on each capital felony count. After three days of deliberation, the jury indicated its inability to unanimously agree as to whether the aggravating factor or factors proved by the state outweighed the mitigating factor or factors proved by the defendant. Moreover, despite the Court's "Chip Smith" instruction, the jury remained unable to unanimously determine whether the proved aggravating factor or factors outweighed the proved mitigating factor or factors. In response to the jury's request, and with the agreement of both the state and the defendant, the Court modified the original special verdict form to provide the jury with a clearer formulation of the questions. Upon the Court's instruction, the jury handed in the special verdict forms. The jury's responses on the revised special verdict form indicated that, as to the second count of the information, they unanimously agreed that they were unable to unanimously determine whether the proved aggravating factor or factors outweighed the proved mitigating factor or factors. As to count three of the information, the special verdict form indicated that the jury unanimously agreed that it was unable to unanimously determine the existence of an aggravating factor. The jury's verdict was accepted and recorded.
Thereafter, the Court merged the murder and two capital felony convictions and imposed a sentence of life imprisonment without the CT Page 8227 possibility of release, to run consecutively with the defendant's previously imposed federal life imprisonment sentence. In addition, as to the conspiracy conviction, the Court imposed a sentence of twenty years imprisonment, to run concurrently with the life imprisonment without possibility of release sentence.
If a capital jury is unable to unanimously agree on the existence of a mitigating factor, the trial court may pursue one of three courses of action. See State v. Daniels, 209 Conn. 225, 231, 550 A.2d 885 (1988), cert. denied, 489 U.S. 1069, 109 S.Ct. 1349, 103 L.Ed.2d 817 (1989) (Daniels II). The trial court may: (1) declare a mistrial; (2) make factual findings "acquitting" the defendant of the death penalty; or (3) exercise its discretion pursuant to General Statutes § 54-56, to dismiss the death penalty proceedings. See Daniels II, supra,209 Conn. 231.
Because the jury was unable to unanimously agree as to whether the proved aggravating factor or factors outweighed the proved mitigating factor or factors, the Court found that the State failed to sustain its burden of proof. Anything beyond this conclusion is mere speculation. Indeed, the verdict, as exemplified by the questions posed by the jury and the formulation of the special verdict form, which was accepted by both the State and the defendant, indicates that the State was unable to overcome the mitigating factor or factors found by the jury. Consequently, the Court, exercising its discretion, denied the state's motion for a mistrial and dismissed the death penalty proceedings.
The Court has given due consideration to the circumstances of the case, including the evidence presented and the jury's verdict as indicated on the special verdict forms. Because the Court finds that the state failed to sustain its burden of proof that the one or more aggravating factors outweighed the one or more mitigating factors, the motion for permission to appeal is hereby denied.
FORD, J.